NO. 07-02-0371-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 17, 2003

_____


IN THE INTEREST OF AMBER L. CASTILLO
AND ALBERT EDDIE CASTILLO


_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,157-D; HONORABLE DON EMERSON, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[1]


OPINION

Presenting two points of error, appellant Eddie Castillo challenges the trial court

judgment terminating his parental rights to his two children, Amber and Albert Castillo.  In

his points, appellant argues that the termination judgment must be set aside because there

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

is no clear and convincing evidence, or in the alternative, insufficient clear and convincing evidence, justifying the trial court's findings that: 1) appellant knowingly placed or allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children; and 2) he engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children. For reasons we state below, we affirm the judgment of the trial court.

The Texas Department of Protective and Regulatory Services (the Department) sought termination of appellant's parental rights based upon the 1995 death of another of his children, Eddie Castillo, Jr. In 1997, appellant and his wife Christina agreed to the appointment of the Department as sole managing conservator of Amber and Albert. Appellant was convicted of murdering his son Eddie, Jr. and was sentenced to 99 years penal confinement. We affirmed that conviction on direct appeal. *See Castillo v. State,* No. 07-97-0047-CR (Tex. App.–Amarillo 1998, no pet.).

In February 2000, the Department filed a petition seeking termination of appellant's parental rights based upon his murder conviction.[2] In its petition, the Department alleged four grounds for termination under Chapter 161 of the Family Code. Tex. Fam. Code Ann. § 161.001(1) (Vernon 2002). Those grounds were: 1) knowingly placing or allowing his children to remain in conditions which endangered their physical or emotional well-being,

---

[2]The Department also sought the termination of Christina's parental rights based upon her voluntary relinquishment of those rights. She is not a party to this appeal.

§ 161.001(1)(D); 2) engaging in conduct or placing the children with people who engaged in conduct endangering the physical or emotional well-being of the children, § 161.001(1)(E); 3) that appellant had been convicted for being criminally responsible for the death or serious injury of a child, specifically murder, § 161.001(1)(L); and 4) knowingly engaging in criminal conduct that resulted in his imprisonment and inability to care for the children for not less than two years, § 161.001(1)(Q).

After a two-day bench trial beginning July 31, 2002, the trial court rendered a judgment terminating appellant's parental rights to both children. In its judgment, the trial court recited it found by clear and convincing evidence that appellant had knowingly placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being and engaged in conduct, or placed the children with persons who engaged in conduct, which endangered their well-being. It also found that termination was in the best interest of the children. No findings of fact or conclusions of law were requested or filed.

The nature of appellant's challenges requires an examination of the trial evidence. The Department's main witness was its case worker, David Freeman. Through Freeman, the Department introduced the judgment convicting appellant of murder and this court's opinion affirming that conviction. Freeman also testified that Albert had expressed a desire to remain with his foster parents and to be adopted by them. The trial court sustained a hearsay objection to testimony concerning Amber's wish in that regard. The

evidence was that the children had not had any contact with appellant for the previous six years.

Freeman also averred that the Department had conducted home studies on all but one of appellant's relatives and did not find any of them suitable to care for the children. The remaining relative, Minerva Gonzalez, was not considered suitable because of a previous investigation of abuse concerning another member of her household. When cross-examined, Freeman admitted that in that investigation, the Department had failed to determine whether the abuse or neglect had occurred. The Department's only other witness was a fingerprint examiner, who matched a print taken from appellant during the trial to that with the prior judgment convicting him of murder.

Appellant testified and admitted causing the death of Eddie, Jr., but averred that the death was the result of an accident. He said he was continuing to contest the conviction by seeking habeas corpus relief in federal court. Appellant acknowledged that if his federal court effort was not successful, he would not be eligible for parole until his children were in their 30's. However, he said his sister, Minerva, was willing and able to care for the children. Minerva had four children of her own and, he thought, she was a good mother to them.

Minerva testified that she possessed the ability and had the willingness to care for the children. She averred the Department had made an initial visit to her home and recommended some changes to the house, which she made. However, she said, the

4

Department never returned and terminated its consideration of her for placement because of the report to the Department about her. Her family's only other contact with the Department was a report that her niece was an unfit person, which the Department found was without basis. When cross-examined, Minerva admitted the Department investigated a report of physical abuse by her husband against one of their children but, she said, it closed that investigation on the basis that it could not determine the truth of the allegation. She also said she had seen appellant's children at church, but their foster parents discouraged the children from speaking with appellant's family members.

At the conclusion of the hearing, the trial court entered the termination order giving rise to this appeal. As we have noted, in its order, the trial court recited that it found by clear and convincing evidence that appellant had knowingly placed, or allowed the children to remain, in conditions endangering their well-being (subsection D of § 161.001(1)), and that he engaged in, or placed the children with persons who engaged in conduct endangering their well-being (subsection (E)). The trial court made no specific fact findings concerning the other termination allegations made by the Department. Appellant now challenges the legal and factual sufficiency of the evidence supporting each of the grounds for termination found by the trial court.

Termination requires the Department to allege and prove one of the statutory grounds for that action by clear and convincing evidence. Tex. Fam. Code Ann. § 161.001 (Vernon 2002); *Richardson v. Green*, 677 S.W.2d 497, 499 (Tex. 1984). This heightened

5

standard is required by the fundamental constitutional rights affected in a termination proceeding. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). The clear and convincing standard is met when the proof is of such a measure or degree as to produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *In the Interest of G.M.*, 596 S.W.2d 846, 847 (Tex. 1980).

To determine whether there is legally sufficient evidence, all the record evidence and inferences therefrom must be viewed in a light most favorable to the findings. *Formosa Plastics Corp., USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *In the Interest of L.S.,* 748 S.W.2d 571, 572 (Tex. App.–Amarillo 1988, no writ). Anything more than a scintilla of evidence is legally sufficient to support the findings. *Formosa Plastics*, 960 S.W.2d at 48.

In considering appellant's factual sufficiency challenge, our supreme court, *In the Interest of C.H.*, 89 S.W.3d 17 (Tex. 2002), recently resolved the split previously existing among the courts of appeal as to the standard to be used in determining factual sufficiency challenges. It explicated that in cases such as this in which the burden is to establish a right to judgment by "clear and convincing evidence" rather than the preponderance of the evidence standard traditionally used in civil cases, "the appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *Id.* at 25. That standard focuses on whether a reasonable factfinder could form a firm conviction or belief

6

while retaining the deference that an appellate court must have for the factfinder's role. *Id.* at 26.

The Department argues that a court may terminate parental rights if it finds "the parents engaged in any of the specific grounds enumerated in the Family Code," and termination is in the best interest of the child. However, termination proceedings are governed by the rules of civil procedure in the same manner as other civil proceedings. *Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). Those rules require a party seeking relief to plead with sufficient specificity to give fair notice to those concerned of the claims asserted. *See* Tex. R. Civ. P. 47. A trial court may not grant greater relief than requested by a party. Tex. R. Civ. P. 301. In a termination proceeding, these rules prohibit a trial court from terminating a person's parental rights on a statutory ground not pled by the Department.

As we have noted, in its judgment, the trial court recited that it found the Department established subsections (D) (relating to conditions) and (E) (relating to conduct) of Family Code section 161.001(1) by clear and convincing evidence. It did not make any express findings as to the other grounds alleged by the Department. Because of the trial court's recitation, both parties' briefs on appeal address the sufficiency of the evidence supporting those grounds for termination.

However, because termination may be affirmed on any ground set out in section 161.001(1) that was properly pled and proved, together with a finding of best interest, we

must also consider the other grounds asserted by the Department. It is the general rule that when findings of fact and conclusions of law are not requested or filed, a reviewing court presumes the trial court made all findings necessary to support the judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Where, as here, a reporter's record is included in the appellate record, implied findings may be challenged for legal and/or factual insufficiency the same as jury or trial court fact findings. *See Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). Texas Rule of Civil Procedure 299a, adopted in 1990, expressly prohibits the inclusion of findings of fact in a judgment. It also provides that if there is a conflict between findings recited in a judgment in violation of the rule and separately filed findings of fact, the separately filed findings of fact govern. If there are no findings of fact, a judgment will be upheld on any legal theory that has support in the evidence. *Worford*, 801 S.W.2d at 109.

Several courts have held Rule 299a requires any findings of fact set out in a judgment be disregarded. *See, e.g., Frommer v. Frommer*, 981 S.W.2d 811, 814 (Tex. App.–Houston [1st Dist.] 1998, pet. dism'd); *Sutherland v. Cobern,* 843 S.W.2d 127, 137 n.7 (Tex. App.–Texarkana 1992, writ denied). In *Hill v. Hill*, 971 S.W.2d 153 (Tex. App.–Amarillo 1998, no pet.), we had occasion to consider the effect of findings of fact contained in a judgment decree. At issue in *Hill* was whether findings of fact and conclusions of law contained in a judgment could support a claim on appeal, even though the trial court made separate findings at the request of a party. *See id.* at 155-56. Although the trial court had made findings of fact, it failed to make any specific findings

8

concerning the separate and community estates of the litigants, but merely referred the parties to the findings contained in the judgment. We held that the findings in the judgment could be given effect because no one complained of the error, the judgment itself confirmed the property was the husband's separate property, and the judgment did not conflict with any of the formal findings in the judgment. *See also Kondos Entertainment, Inc. v. Quinney Elec., Inc.*, 948 S.W.2d 820,826 (Tex. App.–San Antonio 1997), *reversed by Quinney Elec. v. Kondos Entertainment, Inc.,* 988 S.W.2d 212 (Tex. 1999) (discussion of "legislative history" of Rule 299a in dissenting opinion). In this case, in which there were no separate findings of fact requested or made, the fact that there were incomplete findings in the judgment, as we have noted, does not foreclose our obligation to address the other grounds pled by the Department and whether the record supports the termination on any of the grounds pled by the Department.

The undisputed evidence of appellant's conviction for the murder of one of his children is sufficient to support an implied finding by the trial court under subsection L of the termination statute. Tex. Fam. Code Ann. § 161.001(1)(L) (Vernon 2002). This evidence, in addition to Albert's desire to remain with his foster parents, and the fact that appellant had not seen the children for the previous six years, is sufficient to sustain the trial court finding that termination was in the best interest of each child. The evidence was legally sufficient to support the trial court's judgment.

9

The undisputed evidence that appellant had been convicted of the murder of his child is factually sufficient to sustain the termination. With regard to appellant's continuing efforts to overturn his conviction, Subsection L does not required a retrial of the conviction, it is sufficient that the conviction has become final. The mere fact that appellant denies his guilt is not sufficient to require reversal of the trial court's judgment.

Although appellant presented evidence that the children might be placed with a relative, it was the trial judge's duty as the trier of fact to resolve issues of credibility. Under the standard by which we review his finding, we cannot say he erred in his resolution of those issues.

Accordingly, appellant's points are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice