# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00718-CV

**C.B., Appellant**

**v.**

**D.S., Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT NO. 03-1101-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant C.B., appearing pro se, appeals from the trial court's order terminating his parental rights to his minor child, K.B.[1] C.B. asserts that the trial court erred in terminating his rights on the grounds that he failed to meet his child support obligations. *See* Tex. Fam. Code Ann. § 161.001(1)(F) (West 2008) (parent's failure to support child in accordance with ability during period of one year ending within six months of date of filing of petition is grounds for termination). He further contends that he did not receive notice of the final termination hearing. Because we conclude that the trial court did not err in terminating C.B.'s parental rights, we affirm the trial court's order.

---

[1] In appeals from cases involving the termination of parental rights, the rules of appellate procedure require the use of an alias to refer to a minor, "and if necessary to protect the minor's identity, to the minor's parent or other family member." Tex. R. App. P. 9.8.

**BACKGROUND**

C.B. and appellee D.S. are the parents of K.B., a minor child born during C.B. and D.S.'s marriage. When the parties divorced in 1999, C.B. was required to pay $749 per month in child support, beginning May 13, 1999, the date of the divorce decree. On June 5, 2003, D.S. filed an original petition in a suit affecting the parent-child relationship, seeking to terminate C.B.'s parental rights based on his incarceration. *See id.* § 161.001(1)(Q) (grounds for termination exist if parent knowingly engaged in criminal conduct that resulted in conviction, incarceration, and inability to care for child for not less than two years from date of filing petition). On January 26, 2007, D.S. amended her petition to also seek termination on the grounds that C.B. had failed to pay child support. *See id.* § 161.001(1)(F). A termination hearing was held on August 7, 2007, at which K.B. was represented by an amicus attorney appointed by the court. *See id.* § 107.021(a-1) (West 2008) (in termination proceedings filed by private party, trial court must appoint amicus attorney or attorney ad litem to represent best interest of child if child's interests cannot be adequately represented by any party to suit). C.B., who was incarcerated at the time, was not present or represented by counsel. Based on the evidence presented at the hearing, the trial court terminated C.B.'s parental rights, and this appeal followed.

**STANDARD OF REVIEW**

Under the Texas Family Code, a trial court may only order an involuntary termination of parental rights after finding, by clear and convincing evidence, that the parent has committed at least one of the predicate acts or omissions listed in family code section 161.001(1), and that termination is in the best interest of the child. *See id.* § 161.001; *In re B.L.D.*, 113 S.W.3d 340, 353

(Tex. 2003). "[T]he appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the . . . allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

**DISCUSSION**

C.B.'s brief on appeal does not contain a list of issues presented for review. *See* Tex. R. App. P. 38.1(f) (requiring appellant's brief to "state concisely all issues or points presented for review"). Rather, his brief consists primarily of a numbered list entitled, "CASE FACTS AND BACKGROUND INFORMATION," which appears to support two arguments on appeal: (1) that C.B.'s parental rights should not have been terminated based on a failure to meet child support obligations because "he was unaware of any child support determination being set," and (2) that termination was improper because he did not receive notice of the final termination hearing.

*The Trial Court's Findings in Support of Termination*

An order of termination of parental rights "may be affirmed on any ground set out in section 161.001(1) that was properly pled and proved, together with a finding of best interest." *In re Castillo*, 101 S.W.3d 174, 178 (Tex. App.—Amarillo 2003, pet. denied). D.S.'s amended petition set forth two grounds for terminating C.B.'s parental rights under section 161.001(1)—his failure to pay child support, *see* Tex. Fam. Code Ann. § 161.001(1)(F), and his incarceration, *see id.* § 161.001(1)(Q). The trial court's order cited both grounds as justification for terminating C.B.'s parental rights. Significantly, C.B. does not raise a point of error on appeal regarding the trial court's finding that he met the criteria for termination described in section 161.001(1)(Q). That provision

3

states that a court may terminate a parent's rights if it finds, by clear and convincing evidence, that the parent has:

knowingly engaged in criminal conduct that has resulted in the parent's

(i) conviction of an offense; and

(ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition.

*Id.* § 161.001(1)(Q).

D.S.'s original petition, seeking termination based on C.B.'s incarceration, was filed in June 2003.[2] In C.B.'s response, which he mailed from an Arizona prison address in August 2003, he conceded that "that the information provided by [D.S.] is correct" and that he was "currently incarcerated in the Arizona Department of Corrections." C.B. also does not dispute that he remained incarcerated in Arizona at the time of the termination hearing in August 2007. Furthermore, records were entered into evidence from an Arizona Department of Corrections database stating that C.B.'s inmate status was "active" and listing his admission date as December 22, 2003.[3] This evidence is

---

[2] Because section 161.001(1)(Q) was listed as a ground for termination in the original petition, we will calculate "two years from the date of filing the petition" from the date the original petition was filed. *See In re C.F.H.*, No. 14-07-00720-CV, 2009 Tex. App. LEXIS 503, at *8 (Tex. App.—Houston [14th Dist.] Jan. 29, 2009, no pet.) (not designated for publication) (viewing date of original petition, rather than date of amendment, as starting point for two-year calculation under section 161.001(1)(Q)).

[3] While C.B.'s admission date is listed as December 22, 2003, other evidence in the record, including C.B.'s own pleadings, indicates that he was incarcerated prior to the date the termination petition was filed. C.B.'s prison disciplinary information, which appears in the record, includes infractions that occurred in January, April, and August 2003.

sufficient to establish that C.B. had engaged in criminal conduct which resulted in his imprisonment for more than two years since the termination petition was filed.

"Terminating parental rights under subsection Q requires that the parent be both incarcerated or confined *and* unable to care for the child for at least two years from the date the termination petition is filed." *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006). When the party seeking termination has shown, by clear and convincing evidence, the requisite length of incarceration, "the trial court can reasonably infer that the parent will be unable to provide personal care for the child." *In re Caballero*, 53 S.W.3d 391, 398 (Tex. App.—Amarillo 2001, pet. denied). To rebut this presumption, "the parent must produce some evidence as to how [he] would provide or arrange to provide care for the child during" his incarceration. *Id.* at 396. C.B. failed to produce any such evidence and has not asserted any argument on appeal that suggests he would have done so had he been present at the hearing.[4] In determining whether an incarcerated parent is unable to care for a child under section 161.001(1)(Q), factors to be considered include "the availability of financial and emotional support from the incarcerated parent." *Brazoria County Children's Protective Servs. v. Frederick*, 176 S.W.3d 277, 279 (Tex. App.—Houston [1st Dist.] 2004, no pet.). C.B. does not dispute that he provided no financial support to K.B. during his incarceration, arguing instead that he provided no support because he had not been notified of his child support obligations.

---

[4] While C.B.'s pleadings in the trial court include requests that his mother, who resides out-of-state, be allowed to have visitation rights with K.B., C.B. does not argue that he attempted to arrange for his mother to care for K.B. on his behalf during his incarceration, nor did his mother testify to this effect at the hearing. *See In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006) (noting significance of lack of evidence that father had arranged for someone to care for child during father's incarceration).

As for emotional support, the amicus attorney observed at the termination hearing that C.B.'s contact with K.B. during his incarceration came in the form of letters that were "highly inappropriate." Given the record before us, we hold that the trial court did not err in finding that termination was justified under section 161.001(1)(Q). As a result, we need not reach C.B.'s arguments regarding the trial court's finding that he met the criteria for termination described in section 161.001(1)(F) by failing to pay child support.

C.B. does not expressly raise a point of error on appeal regarding the trial court's finding that termination was in the best interest of the child. *See id.* § 161.001(2) (requiring trial court to find, by clear and convincing evidence, that termination is in best interest of child before terminating parental rights). However, in the interest of justice, we note that at the termination hearing, the trial court heard the recommendation of the amicus attorney, who stated, "[A]s far as the best interest of the child is concerned, I, definitely, believe that a termination would be in the best interest because I have not been shown one shred of really any evidence of why the father has the child's best interest in mind, whatsoever." The amicus attorney further expressed concern with C.B.'s extensive criminal record, the fact that his prison records included a number of disciplinary violations related to the manufacture of narcotics, and the fact that C.B.'s letters to K.B. from prison were "highly inappropriate." The trial court was also presented with evidence of a number of instances of domestic abuse inflicted on D.S. by C.B., including an incident that occurred when D.S. was seven months pregnant with K.B. In light of this evidence, a factfinder could reasonably form a firm conviction or belief that termination was in K.B.'s best interest, and therefore the trial court did not err in making its best-interest finding pursuant to section 161.001(2). *See In re C.H.*, 89 S.W.3d at 25.

6

*Lack of Notice*

Because C.B.'s brief includes assertions that he did not receive notice of the termination hearing and that the trial court "stonewalled" his attempts to participate in the proceedings, we will consider the issue as a point of error on appeal. *See Middens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) (pro se pleadings and briefs are to be liberally construed).

The record reflects that on May 15, 2007, the trial court issued an order requiring C.B. to designate new counsel and expressly stating that the case was set for a final hearing on August 7, 2007.[5] This order contains a certificate of service, certifying that a copy of the order was served on C.B. at his address in the Arizona prison system. On June 11, 2007, C.B. filed a motion entitled, "Motion for Extension of Time to Designate Counsel and Extension of Time on Final Hearing."[6] This apparent response to the order to designate counsel suggests that C.B. did receive a copy of the order and therefore was on notice that the final termination hearing would be held on August 7, 2007. Furthermore, the amicus attorney stated at the hearing that, based on a letter she had received from C.B. and phone calls she had received from C.B.'s mother, "They're, I mean, obviously, aware that there was going to be a hearing today."

---

[5] In the early stages of this litigation, C.B. was represented by counsel. In the order to designate new counsel, the trial court made a finding that CB's original attorney had been suspended from the practice of law by the State Bar of Texas. C.B. represented himself pro se throughout the remainder of the proceedings.

[6] C.B. does not raise a point of error on appeal related to the trial court's failure to grant this motion.

Because it is presumed that a trial court will not hear a case until notice has been given to the parties, "a party challenging a trial court's judgment for lack of notice has the burden of proving there was no notice." *Carter v. Carter*, 225 S.W.3d 649, 651 (Tex. App.—El Paso 2006, no pet.). C.B. has not presented any evidence in support of his contention that he did not receive notice of the termination hearing, and his filings in the trial court, along with statements made by the amicus attorney, suggest otherwise. Therefore, to the extent C.B.'s brief can be read liberally to raise a point of error regarding lack of notice of the termination hearing, that issue is overruled.

## CONCLUSION

We conclude that the trial court's findings under family code section 161.001 were sufficiently supported by the evidence and that C.B. has failed to establish that he did not receive notice of the termination hearing. Accordingly, we affirm the order of termination.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: May 22, 2009