TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00718-CV






C.B., Appellant


v.


D.S., Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 395TH JUDICIAL DISTRICT

NO. 03-1101-F395, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant C.B., appearing pro se, appeals from the trial court's order terminating his
parental rights to his minor child, K.B. (1) C.B. asserts that the trial court erred in terminating his rights
on the grounds that he failed to meet his child support obligations. See Tex. Fam. Code Ann.
§ 161.001(1)(F) (West 2008) (parent's failure to support child in accordance with ability during
period of one year ending within six months of date of filing of petition is grounds for termination). 
He further contends that he did not receive notice of the final termination hearing. Because we
conclude that the trial court did not err in terminating C.B.'s parental rights, we affirm the
trial court's order.



BACKGROUND

 C.B. and appellee D.S. are the parents of K.B., a minor child born during C.B. and
D.S.'s marriage. When the parties divorced in 1999, C.B. was required to pay $749 per month in
child support, beginning May 13, 1999, the date of the divorce decree. On June 5, 2003, D.S. filed
an original petition in a suit affecting the parent-child relationship, seeking to terminate C.B.'s
parental rights based on his incarceration. See id. § 161.001(1)(Q) (grounds for termination exist
if parent knowingly engaged in criminal conduct that resulted in conviction, incarceration,
and inability to care for child for not less than two years from date of filing petition). On
January 26, 2007, D.S. amended her petition to also seek termination on the grounds that C.B. had
failed to pay child support. See id. § 161.001(1)(F). A termination hearing was held on
August 7, 2007, at which K.B. was represented by an amicus attorney appointed by the court. See
id. § 107.021(a-1) (West 2008) (in termination proceedings filed by private party, trial court must
appoint amicus attorney or attorney ad litem to represent best interest of child if child's interests
cannot be adequately represented by any party to suit). C.B., who was incarcerated at the time, was
not present or represented by counsel. Based on the evidence presented at the hearing, the trial court
terminated C.B.'s parental rights, and this appeal followed.

 

STANDARD OF REVIEW

 Under the Texas Family Code, a trial court may only order an involuntary termination
of parental rights after finding, by clear and convincing evidence, that the parent has committed at
least one of the predicate acts or omissions listed in family code section 161.001(1), and that
termination is in the best interest of the child. See id. § 161.001; In re B.L.D., 113 S.W.3d 340, 353
(Tex. 2003). "[T]he appellate standard for reviewing termination findings is whether the evidence
is such that a factfinder could reasonably form a firm belief or conviction about the truth of
the . . . allegations." In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). 


DISCUSSION

 C.B.'s brief on appeal does not contain a list of issues presented for review. See
Tex. R. App. P. 38.1(f) (requiring appellant's brief to "state concisely all issues or points presented
for review"). Rather, his brief consists primarily of a numbered list entitled, "CASE FACTS AND
BACKGROUND INFORMATION," which appears to support two arguments on appeal: (1) that
C.B.'s parental rights should not have been terminated based on a failure to meet child support
obligations because "he was unaware of any child support determination being set," and (2) that
termination was improper because he did not receive notice of the final termination hearing.


The Trial Court's Findings in Support of Termination

 An order of termination of parental rights "may be affirmed on any ground set out in
section 161.001(1) that was properly pled and proved, together with a finding of best interest." 
In re Castillo, 101 S.W.3d 174, 178 (Tex. App.--Amarillo 2003, pet. denied). D.S.'s amended
petition set forth two grounds for terminating C.B.'s parental rights under section 161.001(1)--his
failure to pay child support, see Tex. Fam. Code Ann. § 161.001(1)(F), and his incarceration, see id.
§ 161.001(1)(Q). The trial court's order cited both grounds as justification for terminating C.B.'s
parental rights. Significantly, C.B. does not raise a point of error on appeal regarding the trial court's
finding that he met the criteria for termination described in section 161.001(1)(Q). That provision
states that a court may terminate a parent's rights if it finds, by clear and convincing evidence, that
the parent has:

knowingly engaged in criminal conduct that has resulted in the parent's 

 (i) conviction of an offense; and


 (ii) confinement or imprisonment and inability to care for the child for not
less than two years from the date of filing the petition.



Id. § 161.001(1)(Q). 

 D.S.'s original petition, seeking termination based on C.B.'s incarceration, was filed
in June 2003. (2) In C.B.'s response, which he mailed from an Arizona prison address in August 2003,
he conceded that "that the information provided by [D.S.] is correct" and that he was "currently
incarcerated in the Arizona Department of Corrections." C.B. also does not dispute that he remained
incarcerated in Arizona at the time of the termination hearing in August 2007. Furthermore, records
were entered into evidence from an Arizona Department of Corrections database stating that C.B.'s
inmate status was "active" and listing his admission date as December 22, 2003. (3) This evidence is
sufficient to establish that C.B. had engaged in criminal conduct which resulted in his imprisonment
for more than two years since the termination petition was filed.

 "Terminating parental rights under subsection Q requires that the parent be both
incarcerated or confined and unable to care for the child for at least two years from the date the
termination petition is filed." In re H.R.M., 209 S.W.3d 105, 110 (Tex. 2006). When the party
seeking termination has shown, by clear and convincing evidence, the requisite length of
incarceration, "the trial court can reasonably infer that the parent will be unable to provide personal
care for the child." In re Caballero, 53 S.W.3d 391, 398 (Tex. App.--Amarillo 2001, pet. denied). 
To rebut this presumption, "the parent must produce some evidence as to how [he] would provide
or arrange to provide care for the child during" his incarceration. Id. at 396. C.B. failed to produce
any such evidence and has not asserted any argument on appeal that suggests he would have done
so had he been present at the hearing. (4) In determining whether an incarcerated parent is unable to
care for a child under section 161.001(1)(Q), factors to be considered include "the availability of
financial and emotional support from the incarcerated parent." Brazoria County Children's
Protective Servs. v. Frederick, 176 S.W.3d 277, 279 (Tex. App.--Houston [1st Dist.] 2004, no pet.). 
C.B. does not dispute that he provided no financial support to K.B. during his incarceration, arguing
instead that he provided no support because he had not been notified of his child support obligations. 
As for emotional support, the amicus attorney observed at the termination hearing that C.B.'s contact
with K.B. during his incarceration came in the form of letters that were "highly inappropriate." 
Given the record before us, we hold that the trial court did not err in finding that termination was
justified under section 161.001(1)(Q). As a result, we need not reach C.B.'s arguments regarding
the trial court's finding that he met the criteria for termination described in section 161.001(1)(F)
by failing to pay child support.

 C.B. does not expressly raise a point of error on appeal regarding the trial court's
finding that termination was in the best interest of the child. See id. § 161.001(2) (requiring trial
court to find, by clear and convincing evidence, that termination is in best interest of child before
terminating parental rights). However, in the interest of justice, we note that at the termination
hearing, the trial court heard the recommendation of the amicus attorney, who stated, "[A]s far as
the best interest of the child is concerned, I, definitely, believe that a termination would be in the best
interest because I have not been shown one shred of really any evidence of why the father has the
child's best interest in mind, whatsoever." The amicus attorney further expressed concern with
C.B.'s extensive criminal record, the fact that his prison records included a number of disciplinary
violations related to the manufacture of narcotics, and the fact that C.B.'s letters to K.B. from prison
were "highly inappropriate." The trial court was also presented with evidence of a number of
instances of domestic abuse inflicted on D.S. by C.B., including an incident that occurred when D.S.
was seven months pregnant with K.B. In light of this evidence, a factfinder could reasonably form
a firm conviction or belief that termination was in K.B.'s best interest, and therefore the trial court
did not err in making its best-interest finding pursuant to section 161.001(2). See In re C.H.,
89 S.W.3d at 25. 


Lack of Notice

 Because C.B.'s brief includes assertions that he did not receive notice of the
termination hearing and that the trial court "stonewalled" his attempts to participate in the
proceedings, we will consider the issue as a point of error on appeal. See Middens v. Brooks,
92 S.W.3d 878, 880 (Tex. App.--Beaumont 2002, pet. denied) (pro se pleadings and briefs are to
be liberally construed). 

 The record reflects that on May 15, 2007, the trial court issued an order requiring C.B.
to designate new counsel and expressly stating that the case was set for a final hearing on
August 7, 2007. (5) This order contains a certificate of service, certifying that a copy of the order was
served on C.B. at his address in the Arizona prison system. On June 11, 2007, C.B. filed a motion
entitled, "Motion for Extension of Time to Designate Counsel and Extension of Time on
Final Hearing." (6) This apparent response to the order to designate counsel suggests that C.B. did
receive a copy of the order and therefore was on notice that the final termination hearing would be
held on August 7, 2007. Furthermore, the amicus attorney stated at the hearing that, based on a letter
she had received from C.B. and phone calls she had received from C.B.'s mother, "They're, I mean,
obviously, aware that there was going to be a hearing today."

 Because it is presumed that a trial court will not hear a case until notice has been
given to the parties, "a party challenging a trial court's judgment for lack of notice has the burden
of proving there was no notice." Carter v. Carter, 225 S.W.3d 649, 651 (Tex. App.--El Paso 2006,
no pet.). C.B. has not presented any evidence in support of his contention that he did not receive
notice of the termination hearing, and his filings in the trial court, along with statements made by the
amicus attorney, suggest otherwise. Therefore, to the extent C.B.'s brief can be read liberally to raise
a point of error regarding lack of notice of the termination hearing, that issue is overruled.


CONCLUSION

 We conclude that the trial court's findings under family code section 161.001 were
sufficiently supported by the evidence and that C.B. has failed to establish that he did not receive
notice of the termination hearing. Accordingly, we affirm the order of termination.



 

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: May 22, 2009

 

1. In appeals from cases involving the termination of parental rights, the rules of appellate
procedure require the use of an alias to refer to a minor, "and if necessary to protect the minor's
identity, to the minor's parent or other family member." Tex. R. App. P. 9.8.
2. Because section 161.001(1)(Q) was listed as a ground for termination in the original
petition, we will calculate "two years from the date of filing the petition" from the date the original
petition was filed. See In re C.F.H., No. 14-07-00720-CV, 2009 Tex. App. LEXIS 503, at *8
(Tex. App.--Houston [14th Dist.] Jan. 29, 2009, no pet.) (not designated for publication) (viewing
date of original petition, rather than date of amendment, as starting point for two-year calculation
under section 161.001(1)(Q)).
3. While C.B.'s admission date is listed as December 22, 2003, other evidence in the record,
including C.B.'s own pleadings, indicates that he was incarcerated prior to the date the termination
petition was filed. C.B.'s prison disciplinary information, which appears in the record, includes
infractions that occurred in January, April, and August 2003.
4. While C.B.'s pleadings in the trial court include requests that his mother, who resides out-of-state, be allowed to have visitation rights with K.B., C.B. does not argue that he attempted to
arrange for his mother to care for K.B. on his behalf during his incarceration, nor did his mother
testify to this effect at the hearing. See In re H.R.M., 209 S.W.3d 105, 110 (Tex. 2006) (noting
significance of lack of evidence that father had arranged for someone to care for child during father's
incarceration).
5. In the early stages of this litigation, C.B. was represented by counsel. In the order to
designate new counsel, the trial court made a finding that CB's original attorney had been suspended
from the practice of law by the State Bar of Texas. C.B. represented himself pro se throughout the
remainder of the proceedings.
6. C.B. does not raise a point of error on appeal related to the trial court's failure to grant this
motion.