

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| FRANKLIN SILVERIO, | § | No. 08-20-00038-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 1 |
| TIFFANY SILVERIO, | § | of Bell County, Texas |
| Appellee. | § | (TC# 84,349) |
| | § | |

## **O P I N I O N**[1]

Appellant Franklin Silverio (Franklin) appeals the trial court's final judgment in favor of Appellee Tiffany Silverio (Tiffany)[2] in a suit brought by Franklin for payment on a defaulted unsecured promissory note. On appeal, Franklin alleges the evidence is legally insufficient to support the trial court's final judgment. Finding no error, we affirm.

### I. BACKGROUND

Franklin and Tiffany were married in 2010 and divorced in September 2013. Franklin alleged that in 2012, while he and Tiffany were married, she agreed to execute a promissory note

---

[1] This case was transferred from the Third Court of Appeals, our sister court in Austin. We decide it in accordance with the precedent of that court if our decision otherwise would have been inconsistent with the precedent of that court. TEX. R. APP. P. 41.3.

[2] For clarity, we refer to the parties by their first names because they share the same surname.

for money owed to him for "expenses that were incurred during [the] marriage[.]" On May 9, 2016, Franklin sent a letter to Tiffany, through his attorney, demanding payment on the purported, unsecured promissory note. On July 25, 2016, Franklin filed an original petition for suit on note requesting a judgment for $45,292.94, for the principal amount due on the note, for any accrued and unpaid interest, and for attorney's fees. Tiffany filed an original answer, verified denial, and affirmative defense in which she denied the alleged note was in fact executed by her; and, alternatively, asserting she was not liable pursuant to res judicata. Tiffany later filed a first amended answer and counterclaim which added an affirmative defense of lack of privity between the parties and asserted a counterclaim for fraud by nondisclosure.

When the case was called for a bench trial, Franklin, Tiffany, and a proposed handwriting expert each testified. The trial court subsequently excluded in its entirety the testimony of the handwriting expert. Franklin testified to an agreement made between himself and Tiffany for a note in the principal amount of $36,921.18, which included a maturity date, interest due if unpaid, and monthly payments to be made in the amount of $336. He claimed the amount owed derived from expenses incurred during their marriage including half the cost of Tiffany's wedding ring, half the cost of Franklin's wedding ring, half the cost of the honeymoon, and repayment owed for Tiffany's vehicle. Franklin testified Tiffany's signature appeared on the second page of the unsecured promissory note, and that she signed in his presence. He further stated the debt evinced on the promissory note was not included in the parties' divorce decree because he did not think it needed to be included as they had both agreed that Tiffany owed him that amount.

Tiffany testified she did not have any knowledge of the promissory note until she received a letter from Franklin's attorney in 2016. She testified she never entered into an agreement that

2

she owed Franklin money for any debts or expenses incurred during the marriage and the unsecured promissory note was never brought up either during their marriage or their divorce. Upon receiving the demand letter from Franklin's attorney, Tiffany testified she contacted the police to report that her signature had been forged on a note.

On November 22, 2019, the trial court signed and entered a final judgment in favor of Tiffany, and a take nothing judgment against Franklin. The judgment further recited that the unsecured note in question was not valid. The final judgment also ordered each party responsible for their own attorney's fees and court costs. Franklin filed a motion for new trial on December 20, 2019, asserting the trial court had erred by finding that the note in question was not valid. The trial court denied the new-trial motion on December 23, 2019. On January 6, 2020, more than twenty days after the judgment was signed, Franklin filed a first request for findings of fact and conclusions of law. No findings of fact and conclusions of law were entered by the trial court. This appeal followed.

## II. DISCUSSION

In his sole issue presented on appeal, Franklin questions "[w]hether the trial court's Final Judgment was legally sufficient." We construe this issue as challenging the trial court's evaluation of the evidence in support of Franklin's suit on a promissory note. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 863 (Tex. 2005) ("[A]n appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points."); TEX. R. APP. P. 38.9.

### A. Standard of Review and Applicable Law

This case comes to us following a bench trial. "In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and

3

conclusions of law." TEX. R. CIV. P. 296; *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017). When neither party timely requests findings of fact and conclusions of law, and none are filed by the court, we must imply all necessary findings to support the trial court's judgment. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017); *CarMax Business Services, LLC v. Horton*, No. 14-17-00840-CV, 2018 WL 3977962, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.). On appeal, when the record holds a reporter's record, implied findings may be challenged for legal and factual sufficiency in the same manner as a challenge to express findings of fact or jury findings. *Shields Ltd. P'ship*, 526 S.W.3d at 480; *Soto v. Soto*, No. 05-17-00671-CV, 2018 WL 6716685, at *2 (Tex. App.—Dallas Dec. 21, 2018, no pet.) (mem. op.).

A trial court's findings of fact "have the same force and effect as a jury verdict." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Soto*, 2018 WL 6716685, at *2. Those findings of fact may be reviewed for legal and factual sufficiency under the same standards that are applied in reviewing evidence to support a jury's answer. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). However, we review de novo conclusions of law. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

When a party attacks the legal sufficiency of an adverse finding on an issue on which they have the burden of proof, the party must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of the issues. *Dow Chemical Company v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690. If

4

there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The point of error should be sustained only if the contrary proposition is conclusively established. *Id.*; *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983).

On a suit for recovery on a promissory note, a plaintiff only needs to establish the note in question, that the defendant signed the note, that the plaintiff was the holder of the note and that a certain balance is due and owing on the note; rather than needing to prove all essential elements for a breach of contract. *Roth v. JPMorgan Chase Bank, N.A.*, 439 S.W.3d 508, 512 (Tex. App.—El Paso 2014, no pet.). Because Franklin shouldered the burden of proof on his claim of non-payment of a promissory note, we will treat his single issue presented as if he were asserting that all vital facts were established as a matter of law.

### B. Analysis

In his briefing, Franklin contends the trial court's finding of fact or conclusion of law in its final judgment—that the note was invalid—is legally insufficient. And on this point, he further contends that the "invalidity" of a promissory note is not a valid legal concept under Texas law. To begin, we first address whether the court's statement in the final judgment in effect constitutes a formal finding of fact or conclusion of law.

Findings of fact and conclusions of law cannot be recited in a judgment. TEX. R. CIV. P. 299a; *Jericho Graphics Corp. v. Haynes*, No. 01-03-00987-CV, 2004 WL 2538677, at *3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2004, no pet.) (mem. op.). However, when no complaint is raised by either party below, we are able to accept and give probative value to any findings made in the judgment if the trial court does not issue conflicting findings of fact and conclusions of law.

5

*Howe v. Howe*, 551 S.W.3d 236, 247 (Tex. App.—El Paso 2018, no pet.). Even in instances when a judgment contains factual recitations, when separately filed findings of fact are not requested or made, a judgment will be upheld based on implied findings. *In re Castillo*, 101 S.W.3d 174, 179 (Tex. App.—Amarillo 2003, pet. denied).

Here, Franklin's request for findings of fact and conclusions of law was filed on the 45th day after the trial court signed the final judgment; rather than filing within twenty days of the date of the final judgment. *See* TEX. R. CIV. P. 296. Nonetheless, without separately filed findings of fact and conclusions of law, and when an appellant fails to file a notice of past due findings of fact and conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's judgment and must deem the trial court to have based its judgment on any legal theory supported by its implied findings. *Black v. Dallas County Child Welfare Unit*, 835 S.W.2d 626, 630-31 (Tex. 1992); *Jericho Graphics Corp.*, 2004 WL 2538677, at *3. And, in the absence of findings of fact and conclusions of law, the appellant carries the burden to show that the trial court's judgment was *not* supported by any legal theory raised by the evidence. *Jericho Graphics Corp.*, 2004 WL 2538677, at *3. On review, we must fulfill our obligation to determine whether the record supports the implied findings made by the trial court. *In re Castillo*, 101 S.W.3d at 179; *Jericho Graphics Corp.*, 2004 WL 2538677, at *3.

The final judgment states, "[t]he Court also finds that [the] unsecured note in question is not valid . . . ." Franklin argues that the concept of "validity" is not a meaningful finding of fact or conclusion of law under Section 3.104 of the Texas Business and Commerce Code. We disagree. We have on occasions recognized the validity of a promissory note as a basis for upholding a judgment. *See Duchene v. Hernandez*, 535 S.W.3d 251, 260 (Tex. App.—El Paso 2017, no pet.)

6

(finding "the validity of the promissory note" was established as a matter of law); *New v. First Nat. Bank of Midland*, 476 S.W.2d 121, 122 (Tex. App.—El Paso 1971, writ ref'd n.r.e.) (stating the only issue before the trial court was whether the note was valid). But, even so, the record here supports a conclusion that this was not the sole basis for the trial court's take nothing judgment. After ruling in favor of Tiffany, the judgment states the court "also finds" the note was not valid, which indicates an additional ground and not a sole finding. Because of a lack of formal findings of fact and conclusions of law, we may uphold the judgment on implied findings. *In re Castillo*, 101 S.W.3d at 179; *Jericho Graphics Corp.*, 2004 WL 2538677, at *3.

Next, we determine whether there was some evidence to support the final judgment. We focus our analysis on the essential element of whether the alleged maker signed the note. *Roth*, 439 S.W.3d at 512. The validity of the signature on the note must be proved by the person claiming validity if validity is denied in the pleadings. TEX. BUS. & COM. CODE ANN. § 3.308(a). Franklin limits his argument to there being "no evidence of probative force" to support the "invalid" note finding as it was not a valid legal concept. But Tiffany counters that more than a scintilla of evidence supported the trial court's implied findings that she did not sign the note and Franklin did not conclusively establish his right to recover on the unsecured note as a matter of law. On review of the record, we agree with Tiffany.

At trial, Franklin had the burden of proof to establish the note in question was signed by Tiffany, that he was the legal owner and holder of the note, and that a certain balance was owed on the note. *Roth*, 439 S.W.3d at 512. By written document, Franklin presented purported proof of the note; and he testified that the note indicated that he and Tiffany had an agreement that she owed a principal amount due of $36,921.18, that monthly payments of $336 were to be made, and

7

that interest would be due if the note remained unpaid. He further testified that Tiffany signed the note in his presence.

Tiffany, however, testified that she did not agree to pay Franklin any money, there was never an agreement to enter a promissory note, and the signature on the alleged promissory note was not her signature. Tiffany also testified she had never seen the alleged promissory note before she received a letter in 2016 from Franklin's attorney demanding payment; and that neither the purported note nor Franklin's claim that she owed him money was ever brought up during their divorce proceedings. After receiving the letter from Franklin's attorney, Tiffany went to the police to report that someone had signed a document using her name without her permission.

Based on the evidence provided and deferring to the trial court's resolution of the conflicts and inconsistencies in the evidence and testimony, we conclude that there was some evidence to support the trial court's implied finding that Tiffany did not sign the promissory note. *City of Keller*, 168 S.W.3d at 819-20; *Soto*, 2018 WL 6716685, at *4; *Gonzalez v. Ahrens*, No. 14-18-00417-CV, 2019 WL 4071925, at *4 (Tex. App.—Houston [14th Dist.] Aug. 29, 2019, no pet.) (mem. op.). Franklin did not otherwise conclusively establish as a matter of law that Tiffany in fact signed the purported note. *Soto*, 2018 WL 6716685, at *2; *Gonzalez*, 2019 WL 4071925, at *4.

Franklin's sole issue is overruled.

### III. CONCLUSION

We affirm.

GINA M. PALAFOX, Justice

May 26, 2021

Before Palafox, J., Alley, J., and Dominguez, Judge
Dominguez, Judge, sitting by assignment