

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00056-CV
_____

IN THE INTEREST OF J.M., A CHILD

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 24C0386-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Appellants, Mother and Father, appeal the trial court's order terminating their parental rights to J.M., their child.[1]  Among other things, both parents contend the trial court erred by terminating their parental rights on unpled grounds when there was no trial by consent.  The Texas Department of Family and Protective Services agrees that the termination grounds alleged in the Department's live pleading are not the grounds stated in the trial court's judgment and further agrees that there was no trial by consent regarding the grounds that are in the judgment.  Because we conclude the termination order is not supported by the pleadings, we reverse the trial court's order of termination and remand the case to the trial court for further proceedings.

## I.     Background

In April 2024, the Department filed an original petition seeking emergency removal and temporary conservatorship of newborn J.M. because both Mother and Father were incarcerated at the time of his birth, and no relatives were available who were willing to take J.M. upon discharge from the hospital.  The Department pled that it sought to make reasonable efforts to reunify J.M. with his parents, but if reunification were not possible, it would then seek appointment of a nonparent as permanent managing conservator of the child.  Alternatively, the Department sought termination of both Mother's and Father's parental rights under subsections (D) and (E) of the Texas Family Code's involuntary termination statute.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E) (Supp.).  The Department never amended its petition to add or remove any grounds for termination as regards either parent.

---

[1]We use pseudonyms and initials to protect the identity of the minor child.  *See* TEX. R. APP. P. 9.8(b); TEX. FAM. CODE ANN. § 109.002(d) (Supp.).

As the case progressed, a relative of Mother initially agreed to placement of J.M. with her. Over the course of several months, the Department explored that option. During that time, J.M. was in foster care. On March 6, 2025, the trial court approved an extended visit between J.M. and the family placement option. At a status hearing on April 3, 3025, Joey Keilbach, the Court Appointed Special Advocate, testified that the placement option, though well meaning, was not successful. Keilbach also testified that the foster parents, though supportive of the attempted family placement, were willing to be a permanent placement for J.M. The trial court ordered that J.M. be returned to foster care. The trial court set the case for final hearing on April 23, 2025.

The case proceeded to trial on April 23, 2025. Deana Smith, the caseworker for the Department, testified that, as of that date, Father was in a halfway house, sober-living facility and that Mother was incarcerated. Smith testified that neither Father nor Mother were in a position to care for the needs of J.M. Smith testified that neither Father nor Mother expressed a desire to have J.M. in their care under those circumstances. Smith testified that Father "wanted [her] to know that he loved his son, but he was unable to take care of him right [then] and he knew that." She continued, "And he wanted to do what was best for him, which was try really hard and work this program and remain sober." Smith testified that after her initial meeting with Mother, Mother did not respond to Smith's efforts to discuss the case with Mother. After trial, the trial court entered an order terminating Mother's parental rights on grounds (I), (N), and (O) and terminating Father's parental rights on grounds (I) and (O).

The record reveals that J.M. remained in foster care and subject to the jurisdiction of the trial court.

Mother and Father appeal.

## II. Analysis

In their first issues, Mother and Father each allege, and the State agrees, that the grounds upon which their parental rights were terminated were not pled by the Department and were not tried by consent.

The Supreme Court of the United States and the Supreme Court of Texas have recognized that involuntary termination of parental rights involves fundamental constitutional rights. *See Santosky v. Kramer*, 455 U.S. 745, 759 (1982); *Stary v. Ethridge*, 712 S.W.3d 584, 592 (Tex. 2025). As a result, "[w]hen the State seeks to sever permanently the relationship between a parent and a child, it must first observe fundamentally fair procedures." *In re E.R.*, 385 S.W.3d 552, 554 (Tex. 2012) (citing *Santosky*, 455 U.S. at 747–48). "The most basic of these is notice." *Id.*

The rules of civil procedure "require a party seeking relief to plead with sufficient specificity to give fair notice to those concerned of the claims asserted." *In re Castillo*, 101 S.W.3d 174, 178 (Tex. App.—Amarillo 2003, pet. denied) (citing TEX. R. CIV. P. 47). "A trial court may not grant greater relief than requested by a party." *Id.* (citing TEX. R. CIV. P. 301). "In a termination proceeding, these rules prohibit a trial court from terminating a person's parental rights on a statutory ground not pled by the Department." *Id.*

4

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he [or she] may be entitled either in law or equity." TEX. R. CIV. P. 301. "Because the party's pleadings invoke the trial court's jurisdiction to render a judgment, an *order* not supported by the pleadings is void for lack of jurisdiction." *In re P.M.G.*, 405 S.W.3d 406, 416–17 (Tex. App.—Texarkana 2013, no pet.) (emphasis added). Since "[a] judgment, absent issues tried by consent, must conform to the pleadings," "[r]elief . . . may not be granted in the absence of pleadings to support that relief." *Id.*

As an initial matter, we note that both Appellants urge the trial court's lack of jurisdiction to enter the termination order on unpled grounds. Because this issue is jurisdictional, they argue, it may be raised for the first time on appeal. We agree. *See Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 197 (Tex. 2022); *In re E.R.*, 385 S.W.3d at 567 (holding that statutory time limitations "cannot foreclose an attack by a parent who was deprived of constitutionally adequate notice").

Moving to the issue of unpled grounds as the basis for termination, there is no dispute that the State pled only grounds (D) and (E) as the basis for termination of Mother's and Father's parental rights. Nor is it disputed that grounds (I), (N), and (O) were not tried by consent.

"Unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings." *Fontenot v. Fontenot*, 667 S.W.3d 894, 906 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991)). "A party consents to trial of an unpleaded issue when

5

evidence on the issue is developed under circumstances indicating that both parties understood what the issue was in a case, and the other party failed to make an appropriate complaint." *Id.* (citing *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009)). However, "[a]n issue is not tried by consent if the evidence presented on that issue is also relevant to other issues raised by the pleadings." *Id.*; *accord In re R.G.*, No. 06-24-00035-CV, 2024 WL 4142842, at *9 (Tex. App.—Texarkana Sept. 11, 2024, no pet.) (mem. op.) (quoting *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997), *pet. denied*, 989 S.W.2d 363 (Tex. 1999)).

The State concedes that grounds (I), (N), and (O), the grounds upon which the trial court granted termination, were not tried by consent because evidence relevant to termination on grounds (I), (N), and (O) was also relevant to the pled termination grounds (D) and (E). For this reason, we find that Mother and Father did not consent to trial on unpled grounds (I), (N), or (O).

We sustain Mother's and Father's issues complaining of termination of their parental rights based on (I), (N), and (O) findings in the absence of any pleading by the Department seeking such findings.[2] *See In re R.G.*, 2024 WL 4142842, at *9.

## III. Conclusion

"Because the pleadings do not support the trial court's decree terminating Mother's [and Father's] parental rights" and termination on (I), (N), and (O) grounds "was not tried by consent, that portion of the trial court's decree, along with the appointment of the Department as [J.M.'s] permanent managing conservator, is void." *In re C.L.*, No. 05-14-01520-CV, 2015 WL 682159,

---

[2]Because our determination on these issues is dispositive, we need not address any remaining issues. *See* TEX. R. APP. P. 47.1.

6

at *2 (Tex. App.—Dallas Feb. 18, 2015, no pet.) (mem. op.); *see In re J.W.*, No. 06-21-00098-CV, 2022 WL 319868, at *4 (Tex. App.—Texarkana Feb. 3, 2022, no pet.) (mem. op.). "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam).

Accordingly, we reverse the trial court's June 4, 2025, order of termination and remand to the trial court for further proceedings.

Jeff Rambin
Justice

Date Submitted:    October 17, 2025
Date Decided:      December 2, 2025

7