

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES F. ROTH, | § | |
| | | No. 08-12-00132-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 17th District Court |
| JPMORGAN CHASE BANK, N.A., | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 017-253241-11) |
| | § | |

## **O P I N I O N**

In two issues, James F. Roth, Appellant, appeals the trial court's summary judgment in favor of JPMorgan Chase Bank, N.A. (the Bank), Appellee.   We affirm.

### BACKGROUND

The Bank brought suit against Roth for breach of contract alleging Roth had failed to make payments on two promissory notes, the first a business installment loan and the second a business line of credit, after the Bank demanded payment thereon.   In its petition, the Bank asserted that all conditions precedent to the institution of suit and the Bank's recovery had been performed, satisfied, or had occurred.

Roth filed a verified answer in which he asserted a general denial, a sworn denial, and

seven affirmative defenses.[1]  In his sworn denial, Roth specifically denied "each and every item regarding offsets, credits and payments," and alleged the Bank's petition was not properly verified if a sworn account.

The Bank filed its motion for summary judgment in which it set out its burden of showing the existence of a debt from the maker of the notes, a subsequent default in payment of the notes, and an amount fully due and owing after all credits have been given.  The Bank asserted that it was entitled to summary judgment as a matter of law as no genuine issue of material fact exists regarding those elements.  In support of its motion, the Bank included an affidavit from Joseph Lounds, its Managed Assets Officer, who stated therein that the Bank is the owner and holder of the notes, which are signed by Roth and made payable to the Bank, the notes are in default, the Bank has made demand for payment, and Roth has failed to honor the terms of the notes. Attached to Lounds' affidavit are photocopies of the signed notes bearing Roth's name and the principal balance, interest, principal, fee, and payment histories for each note.  The bank also supported its summary judgment request for attorney's fees with the affidavit of its counsel, K. Mark Vincent.

In his response, Roth asserted that the Bank's affidavits which form the basis of its summary judgment motion are insufficient as a matter of law because Lounds' affidavit: (1) fails to show privity with the Bank and, thus, the Bank lacks standing; (2) fails to state how Lounds acquired personal knowledge of the facts alleged, other than his role as the Bank's Managed Assets Officer who has access to the Bank's business records and made the affidavit based upon

---

[1]  In his affirmative defenses, Roth denied that all conditions precedent to the Bank's claims for recovery had occurred or had been met, and asserted that the Bank's claims were barred in whole or part by: (1) the doctrines of "waiver and/or estoppel;" (2) the intervening acts of third parties over whom Roth had no authority or control; (3) the statute of frauds and parol evidence rule; (4) the Bank's failure to mitigate damages; (5) the economic-loss doctrine; and (6) the doctrine of election of remedies.

his review of those records; (3) is replete with legal conclusions and hearsay, and short on admissible facts; (4) is that of an interested witness; (5) and is supported by documents which constitute inadmissible hearsay unless a proper exception to the hearsay rule is adequately pleaded.

Roth also objected to the affidavit of K. Mark Vincent. In support of his summary judgment response, Roth affixed his controverting affidavit in which he states, "I made my payments when due, even though I should not have paid the total amount on [the line of credit] note, only on the amount drawn[,]" and "I continued to make my payments and continued to contest the amount charged on the [line of credit] note." Roth additionally asserted, "The notes have been reduced by my continued payments until 2011 when this suit was file[d]." Roth discusses the amounts of the notes but does not specifically address any payments made or balances owed.

Finding no genuine issues of material fact, the trial court granted summary judgment in favor of the Bank.

## DISCUSSION

In Issue One, Roth asserts the trial court erred in granting summary judgment in favor of the Bank because there was "no evidence or insufficient evidence to support the finding." Roth specifically complains that the affidavit of Joseph Lounds fails to establish privity between Appellant and the bank, fails to show how Lounds acquired personal knowledge of the facts alleged, "other than his statement that [he is the] Managed Assets Officer and has access to [the Bank's] business records," is replete with legal conclusions and hearsay, is "short on admissible facts," and is made by an interested witness. He also complains that the copies of notes and

3

payment records attached to Lounds' affidavit are hearsay absent a properly pleaded exception thereto.

### *Standard of Review*

We review a summary judgment *de novo.* *Valence Operating Company v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life and Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex. 2003); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex. 1985).

A movant for summary judgment must conclusively prove all elements of its cause of action as a matter of law. TEX. R. CIV. P. 166a(c); *see Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 505-06 (Tex. App. –El Paso 2010, no pet.). If ordinary minds could not differ as to the conclusion to be drawn from the evidence, a matter is conclusively proven. *Id.* at 505. If the movant conclusively proves its right to summary judgment as a matter of law, the burden then shifts to the non-movant to present evidence that raises a genuine issue of material fact, precluding the summary judgment. *Id.*

When determining whether a disputed issue of material fact exists that would preclude summary judgment, we regard all evidence in the summary judgment record in the light most favorable to the non-movant, and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Walters v. Cleveland Regional Medical Center,* 307 S.W.3d 292, 296 (Tex. 2010); *Provident,* 128 S.W.3d at 215–16. When a trial court's summary judgment order does not state the specific grounds for its ruling, we must affirm the judgment if any of the theories

4

advanced by Appellee's motion are meritorious. *Western Investments, Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005).

The standards for determining the admissibility of evidence is the same in a summary judgment proceeding as at trial. *See Rockwall Commons Associates, Ltd.,* 331 S.W.3d at 505-06. The admission or exclusion of evidence rests in the sound discretion of the trial court. *See Interstate Northborough Partnership v. State,* 66 S.W.3d 213, 220 (Tex. 2001), *citing City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995). Evidence presented in support of a summary judgment must be in a form that would render the evidence admissible in a conventional trial. TEX. R. CIV. P. 166a(f); *see United Blood Services v. Longoria,* 938 S.W.2d 29, 30 (Tex. 1997).

We apply an abuse of discretion standard when reviewing a trial court's decision to admit or exclude summary judgment evidence. *Harris v. Showcase Chevrolet,* 231 S.W.3d 559, 561 (Tex. App. –Dallas 2007, no pet.). The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). If the trial court acts in an arbitrary or unreasonable manner, it abuses its discretion. *Id.* at 242. That a trial court may decide a matter within its discretionary authority in a different manner than the appellate court does not demonstrate an abuse of discretion. *Id.*

*Analysis*

"A plaintiff who sues for recovery on a promissory note does not have to prove all essential elements for a breach of contract but rather need only establish the note in question, that the defendant signed it, that the plaintiff was the legal owner and holder thereof, and that a certain

5

balance is due and owing on the note." *Rockwall Commons Associates, Ltd.*, 331 S.W.3d at 505. In response to Issue One, the Bank counters that Roth failed to dispute his execution of the notes or that proper payment was given for all payments on the notes. We agree.

In his answer, Roth did not file a verified denial of his execution of any written instrument on which the Bank's pleadings were founded, or a verified denial of the genuineness of the endorsement of the notes. TEX. R. CIV. P. 93(7), (8). In the absence of such sworn pleas, the instruments are received in evidence as fully proved. *Id.* By these failures, Roth has conclusively admitted the validity of the notes and that he signed the agreements, and has waived any evidentiary objections thereto. *See Bluebonnet Financial Assets v. Miller*, 324 S.W.3d 603, 609 (Tex. App. –El Paso 2010, no pet.)(debtor who failed to file verified denials under TEX. R. CIV. P. 93(4), (7), and (8) conclusively admitted proper parties were before trial court, validity of credit card agreement which was the foundation of suit, and that he had signed agreement, and waived evidentiary objections to the documents), *citing Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 891 (Tex. App. –Dallas 1999, no pet.); *Hanks v. NCNB Tex. Nat. Bank*, 815 S.W.2d 763, 765 (Tex. App.—Eastland 1991, no writ)(a guarantor must, by sworn answer, deny the execution of the underlying note or contract by the principal obligor, or the execution thereof is presumed); *Loveless v. Tex. First Mort. Reit*, 531 S.W.2d 870, 873 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ dism'd).

Payment is an affirmative defense under the Texas Rules of Civil Procedure. TEX. R. CIV. P. 94; *F-Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103, 108 (Tex. App.—El Paso 2008, no pet.). The right to an offset of payment is also an affirmative defense. TEX. R. CIV. P. 94; *F-Star Socorro, L.P.*, 281 S.W.3d at 108. An affirmative defense must be pleaded in a responsive

6

pleading, or the defense will be waived. *F-Star Socorro, L.P.*, 281 S.W.3d at 108. Rule 95 also requires a defendant who wishes to allege payment as an affirmative defense to "file with his plea an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same[.]" TEX. R. CIV. P. 95; *F-Star Socorro, L.P.*, 281 S.W.3d at 108. In his answer, Roth failed to plead the affirmative defense of payment, and failed to file with his plea the requisite account stating distinctly the nature of the payment. Consequently, Roth has waived any payment or offset defenses. TEX. R. CIV. P. 94, 95; *F-Star Socorro, L.P.*, 281 S.W.3d at 108. Because there is no genuine issue of material fact as to the elements of liability, the trial court did not abuse its discretion when it granted summary judgment in favor of the Bank. *Rockwall Commons Associates, Ltd.*, 331 S.W.3d at 505-06 (elements).

Moreover, defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend. TEX. R. CIV. P. 166a(f). A party objecting to the competency of summary judgment proof must obtain a ruling on its objection or obtain a written order signed by the trial judge and entered of record, or the objection is waived and the proof remains a part of the summary judgment record. *Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex. App. –El Paso 2005, no pet.). Because there is nothing in the record showing Roth obtained a ruling or written order signed by the trial court and entered of record regarding his objections to the Bank's summary judgment evidence, Roth has waived his complaint regarding the admissibility of the Bank's summary judgment evidence.[2] Issue One is overruled.

In Issue Two, Roth complains that the trial court erred in granting the Bank attorney fees in its summary judgment order because K. Mark Vincent's affidavit contains "nothing more than

---

[2] The record on appeal does not include a Reporter's Record.

opinions and legal conclusions of an interested witness" and lacks an evidentiary foundation for the amount of attorney fees sought.

A prevailing party in a suit on written contract is entitled to attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8)(West 2008). An award of attorney's fees must be supported by evidence that the fees are reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex. 1991). A trial court determines the reasonableness of an attorney's fees award by considering the factors enumerated in *Arthur Andersen & Co. v. Perry Equipment Corp.* 945 S.W.2d 812, 818 (Tex. 1997)(evidence of contingency fee agreement alone does not support award of reasonable and necessary attorney's fees and trial court must still consider other factors). The reasonableness of attorney's fees is generally a fact issue. *Haden v. David J. Sacks, P.C.,* 332 S.W.3d 503, 512 (Tex. App.-Houston [1st Dist.] 2009, pet. denied). We will not disturb a trial court's award of attorney's fees absent an abuse of discretion. *Karam v. Brown*, 407 S.W.3d 464, 474-75 (Tex. App. –El Paso 2013, no pet.).

Summary judgment may be based on the uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX. R. CIV. P. 166a(c). An attorney's affidavit constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding. *See Haden,* 332 S.W.3d at 513. Civil Practice and Remedies Code section 38.003 provides that "usual and customary attorney's fees" are presumed to be reasonable. TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 (West 2008). Although the statutory presumption that usual and customary

fees are reasonable is rebuttable, once triggered by an attorney's supporting affidavit, the presumption of reasonableness remains in effect when there is no evidence submitted to challenge the affidavit proof of the summary judgment movant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.003 (West 2008); *Haden,* 332 S.W.3d at 513.

We have reviewed Vincent's affidavit and conclude it was sufficient to support the Bank's claim for attorney's fees. *See Haden,* 332 S.W.3d at 514. Roth did not file a controverting affidavit or any other evidence disputing Vincent's evidence and cannot overcome the presumed reasonableness of Vincent's affidavit in support of an award of attorney's fees. *See id.* at 514–16 (where nonmovant failed to controvert attorney's affidavit or otherwise dispute law firm's evidence, law firm was entitled to statutory presumption that the requested amount was both reasonable and necessary). Because the trial court did not abuse its discretion in awarding attorney's fees, Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

July 23, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

9