

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00391-CV

H&H STEEL FABRICATORS, INC.;                                    APPELLANTS
TOWNCREEK INDUSTRIAL, LLC;
AND JAMES TOBEY

V.

WELLS FARGO EQUIPMENT                                              APPELLEE
FINANCE, INC.

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CV15-0496

----------

## MEMORANDUM OPINION[1]

----------

Appellants H&H Steel Fabricators, Inc.; Towncreek Industrial, LLC; and James Tobey appeal from the trial court's summary judgment entered in favor of appellee Wells Fargo Equipment Finance, Inc. on its claim for breach of contract. Because Wells Fargo established its right to judgment as a matter of law on its

---

[1]*See* Tex. R. App. P. 47.4.

claim and because Appellants failed to present evidence sufficient to raise a fact issue on each element of their affirmative defense of mitigation, we affirm the trial court's judgment.

## I. BACKGROUND

On November 15, 2013, H&H executed a promissory note in favor of Wells Fargo, showing that Wells Fargo had loaned H&H $451,829.40 at 4.84% annual interest. To secure the loan, H&H contemporaneously signed a security agreement, granting Wells Fargo a lien on H&H's equipment.[2] Towncreek—an affiliate of H&H—and Tobey—the president of H&H and the managing partner of Towncreek—signed continuing guaranties under which they agreed to be jointly and severally liable for H&H's payment obligations. Appellants concede that the note, the security agreement, and the continuing guaranties are valid and enforceable.

In December 2014, H&H failed to make its required installment payment on the note, which triggered a default of the note. On February 2, 2015, Gary Dreyling, a vice president with Wells Fargo, sent Appellants a notice of their default occurring in December 2014 and January 2015, provided an opportunity to cure, and notified Appellants that Wells Fargo would accelerate their

---

[2]Equipment was defined in the security agreement as "including but not limited to all present and future machinery, vehicles, furniture, fixtures, manufacturing equipment, farm machinery and equipment, shop equipment, office and recordkeeping equipment, parts and tools, and the goods described in any equipment schedule or list herewith or hereafter furnished to [Wells Fargo] by [H&H]."

obligations to repay the entire indebtedness if the default was not cured. On March 30, 2015, Wells Fargo's counsel sent Appellants a formal acceleration notice, based on their failure to make payments on the note in December 2014, January 2015, and February 2015, and demanded full payment of the remaining balance on the note: $345,046.58. Appellants never cured their default of their payment obligations.

On April 20, 2015, Wells Fargo filed suit against Appellants for breach of contract—the note and the continuing guaranties—and sought to recover the accelerated balance under the note of $345,046.58, jointly and severally. On June 19, 2015, Wells Fargo filed a traditional motion for summary judgment on its breach-of-contract claim, seeking an award of the then-outstanding balance of $353,668.02 against Appellants jointly and severally.[3] On June 22, 2015, Wells Fargo notified Appellants that the trial court would hear its motion for summary judgment on July 20, 2015. *See* Tex. R. Civ. P. 166a(c). On June 26, 2015, Appellants filed an answer to Wells Fargo's petition and raised the affirmative defenses of mitigation of damages, offset, and payment.[4]

---

[3]It appears the difference in this amount and the amount requested by Wells Fargo in its petition is a result of Appellants' continuing failure to pay on the note.

[4]Although Wells Fargo filed its summary-judgment motion before Appellants filed their answer to the petition, Appellants did not raise this procedural error to the trial court and do not complain of it on appeal. *See* Tex. R. Civ. P. 166a(a).

Also on June 26, 2015, Appellants filed a verified motion for continuance of the summary-judgment hearing, arguing that an extension was necessary to enable them to take the deposition of Wells Fargo's corporate representative and to conduct discovery regarding the circumstances of Wells Fargo's foreclosure sale of H&H's equipment and Wells Fargo's efforts to mitigate its damages. *See* Tex. R. Civ. P. 166a(g), 251–52. The trial court's docket reflects that the trial court heard the motion for continuance on July 7, 2015, and that a "Rule 11 Agreement" would be "forthcoming." The docket also reflects that the July 20, 2015 hearing was "CANCELED." On August 13 and 14, 2015, the docket shows that letters were issued reflecting that the summary-judgment hearing had been rescheduled for September 17, 2015.

On August 24, 2015, Wells Fargo filed a no-evidence motion for summary judgment on each of Appellants' affirmative defenses on the basis that Appellants had no evidence to support "several elements of their affirmative defenses." Wells Fargo requested judgment in its favor in the amount of $353,781.46. In H&H and Towncreek's September 10, 2015 response to Wells Fargo's no-evidence motion for summary judgment,[5] they argued only that the no-evidence motion must be denied because an adequate time for discovery had not passed to allow H&H and Towncreek to marshal its proof. *See* Tex. R. Civ. P. 166a(i). H&H and Towncreek attached Tobey's affidavit in which he asserted

---

[5]Tobey did not join in this response or file his own response to the no-evidence motion.

4

that he could not locate, and Wells Fargo had failed to produce, the "review and appraisal of the value of H&H's equipment," which was conducted at the time of the note in 2013. That same day, Appellants also responded to Wells Fargo's traditional motion for summary judgment and asserted that Wells Fargo had failed to produce any evidence that it attempted to mitigate its damages, that more time for discovery was needed, and that Dreyling's affidavit attached to Wells Fargo's motion was conclusory and relied on inadmissible hearsay documents. Appellants again attached Tobey's affidavit regarding his attempts to locate and gain production of the "review and appraisal" of H&H's equipment.

On September 17, 2015, the trial court held a hearing on Wells Fargo's motions and considered "the Motion for Summary Judgment" filed by Wells Fargo, "any timely response filed by [Appellants]," the pleadings, and "the argument and authority of counsel."[6] No record was made of this hearing, but the trial court signed a docket notation that it took the motion "[u]nder advisement-ruling forthcoming." On September 21, 2015, the trial court granted the motion "because there is no genuine issue of material fact and [Wells Fargo] is entitled to judgment as a matter of law." The trial court "OVERRULED" Appellants' affirmative defenses and entered judgment against Appellants for $353,668.02 in actual damages. Appellants filed a motion for new trial and argued that the summary judgment was in error because Dreyling's affidavit was

---

[6]The trial court noted on the docket sheet that counsel for Wells Fargo and Appellants were "Present" at the hearing.

conclusory and based on inadmissible hearsay documents and because Wells Fargo failed to mitigate its damages or sell the equipment in a commercially reasonable manner. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

## II. CONTINUANCE

In their third issue, Appellants argue that the trial court abused its discretion by denying their motion to continue the hearing on Wells Fargo's no-evidence motion for summary judgment. Appellants specifically do not contend that it was an abuse of discretion for the trial court to refuse to continue the hearing on Walls Fargo's traditional motion for summary judgment directed to its breach-of-contract claim. We review a trial court's decision on a motion to continue a summary-judgment hearing for an abuse of discretion. *See D.R. Horton–Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.).

Even though the trial court granted summary judgment in an unusually expedited manner, we cannot conclude that the trial court abused its discretion for several reasons. First, Appellants did not file a verified motion for continuance directed to Wells Fargo's no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 251–52; *Kelly v. Ocwen Loan Servicing, LLC*, No. 02-14-00232-CV, 2016 WL 279262, at *2 (Tex. App.—Fort Worth Jan. 14, 2016, pet. denied) (mem. op.). Appellant's motion for continuance, which resulted in the summary-judgment hearing being held two months later than its

6

original setting, was filed before Wells Fargo filed its no-evidence motion. *See* Tex. R. App. P. 33.1(a). Second, the record does not reflect that H&H and Towncreek brought its continuance arguments to the attention of the trial court or sought a ruling on them. *See McKinney Ave. Props. No. 2, Ltd. v. Branch Bank & Trust Co.*, No. 05-14-00206-CV, 2015 WL 3549877, at *5 (Tex. App.—Dallas June 5, 2015, no pet.) (mem. op.); *Bench Co. v. Nations Rent of Tex., L.P.*, 133 S.W.3d 907, 909 (Tex. App.—Dallas 2004, no pet.); *see also* Tex. R. App. P. 33.1(a). Third, Appellants do not attack the propriety of the timing of the hearing regarding Wells Fargo's traditional motion for summary judgment, which arguably was the only motion that the trial court expressly granted. Fourth, Appellants did not ensure that the court reporter recorded the hearing at which their argument requesting more time for discovery could have been made. Therefore, we cannot assay whether the trial court's decision to hold the summary-judgment hearing on September 20—even in light of H&H and Towncreek's arguments that they needed more time for discovery, which they raised in their summary-judgment responses—was outside the zone of reasonable disagreement. *See McKinney*, 2015 WL 3549877, at *6; *Barnes v. Athens*, No. 02-12-00173-CV, 2012 WL 4936624, at *2 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.). *See generally* Tex. Gov't Code Ann. § 52.046(a)(2) (West 2013) (imposing on court reporters duty to take notes of court proceedings only "[o]n request"); Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 52 Hous. L. Rev. 773, 809–12, 814 (2015) (discussing factors

7

trial courts are to consider in determining motions for continuance based on the need for additional discovery and noting a record of the hearing should be requested "if the court makes rulings on the evidence or proceedings during the hearing"). We overrule issue three.

### III. PROPRIETY OF SUMMARY JUDGMENT

#### A. ADMISSIBILITY OF AFFIDAVIT

In their second issue, Appellants argue that the trial court erred by considering Dreyling's affidavit on summary judgment because it was conclusory and because he relied on inadmissible hearsay documents to attest to the balance due on the note.[7] A trial court may not consider inadmissible evidence over a party's objection in ruling on a motion for summary judgment. *Dolcefino v. Randolph*, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh'g). An affidavit that is conclusory or is based on hearsay is incompetent as summary-judgment proof. *See* Tex. R. Civ. P. 166a(f); *Querner Truck Lines, Inc. v. Alta Verde Indus.*, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ). We review a trial court's evidentiary rulings for an abuse of discretion. *See Roth v. JPMorgan Chase Bank, N.A.*, 439 S.W.3d 508, 512 (Tex. App.—El Paso 2014, no pet.); *Owens v. Comerica Bank*, 229 S.W.3d 544, 548 (Tex. App.—Dallas 2007, no pet.).

---

[7]Appellants also state that Dreyling's affidavit included "inconsistent statements." However, Appellants do not brief this portion of their stated issue, and we will not address it.

As a preliminary matter, it is important to point out that Appellants failed to get a ruling on their evidentiary objections. There is nothing in the record indicating that the trial court ruled on or even considered their objections to Dreyling's affidavit, and the summary-judgment order does not expressly address Appellants' objections. As such, they arguably failed to preserve any error for our review. *See Schuetz v. Source One Mortg. Servs. Corp.*, No. 03-15-00522-CV, 2016 WL 4628048, at *5 (Tex. App.—Austin Sept. 1, 2016, no pet. h.) (mem. op.); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, L.L.P.*, No. 14-14-00572-CV, 2016 WL 3902735, at *4 (Tex. App.—Houston [14th Dist.] July 14, 2016, no pet. h.); *Roth*, 439 S.W.3d at 513. However, to the extent it could be argued that the trial court implicitly overruled Appellant's objections because it granted Wells Fargo judgment as a matter of law, because it stated that "[a]ll other relief . . . is denied," and because Appellants re-urged their objections in their motion for new trial, we will address their evidentiary complaints. *See Lissiak v. SW Loan OO, L.P.*, No. 12-14-00344-CV, 2016 WL 3568066, at *2 (Tex. App.—Tyler June 30, 2016, no pet.); *see also Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 100–01 (Tex. App.—Dallas 2010, pet. denied) (recognizing Mother Hubbard language in summary-judgment order will not imply a ruling on evidentiary objections); *Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 195 (Tex. App.—Fort Worth 2006, no pet.) (concluding evidentiary objections preserved where majority of response to no-evidence motion for

9

summary judgment addressed incompetence of sole affidavit submitted in support of motion).

Appellants first argue that Dreyling's statement of the amount due on the note was conclusory because the statement was not supported by "any payment history showing payments made by Appellants and application of such payments to the principal and interest accruing under [the] Note." But Dreyling's affidavit, which was made on his personal knowledge, recited the terms of the note, including payment due dates and the accrual of interest, and detailed the payments Appellants paid and failed to pay. To his affidavit, Dreyling attached the note, the continuing guaranties, the security agreement, the February 2015 default letter, and the March 2015 acceleration notice. We conclude Dreyling's affidavit was not impermissibly conclusory; thus, the trial court did not abuse its discretion by implicitly overruling this objection. *See, e.g.*, *Duarte-Viera v. Mae*, No. 07-14-00271-CV, 2016 WL 737698, at *5–6 (Tex. App.—Amarillo Feb. 23, 2016, no pet.); *Cha v. Branch Banking & Trust Co.*, No. 05-14-00926-CV, 2015 WL 5013700, at *3 (Tex. App.—Dallas Aug. 25, 2015, pet. denied) (mem. op.); *Myers v. Sw. Bank*, No. 02-14-00122-CV, 2014 WL 7009956, at *2–3 (Tex. App.—Fort Worth Dec. 11, 2014, pet. denied) (mem. op.); *see also Valenzuela v. State & Cty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (discussing form of affidavits sufficient to establish personal knowledge).

Appellants next contend that Dreyling's affidavit statements that Appellants did not cure the default and made no payments on the note since December 2014 were not accompanied by production of the underlying payment history, rendering the affidavit inadmissible as hearsay evidence and not readily controvertible. To establish the amount owed, Dreyling's affidavit needed to state only the total amount due on the note based on his personal knowledge as a bank officer; detailed proof of the balance of the note was not required. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 99 S.W.3d 349, 356 (Tex. App.—Fort Worth 2003, no pet.); *Bohanon v. Franklin Nat'l Bank of Long Island*, 387 S.W.2d 699, 701–02 (Tex. Civ. App.—Dallas 1965, no writ). Dreyling's assertions did not constitute inadmissible hearsay, were readily controvertible, and the trial court did not abuse its discretion by implicitly considering them as competent summary-judgment proof. *See Duarte-Viera*, 2016 WL 737698, at *4; *Stucki v. Noble*, 963 S.W.2d 776, 780–81 (Tex. App.—San Antonio 1998, pet. denied); *Atchley v. NCNB Tex. Nat'l Bank*, 795 S.W.2d 336, 337 (Tex. App.—Beaumont 1990, writ denied). We overrule issue two.

### B. CONCLUSIVE PROOF OF WELLS FARGO'S DAMAGES

In their first issue, Appellants argue that the trial court erred by "summarily overruling" their affirmative defense of mitigation of damages. We construe this argument to be an attack on the trial court's summary judgment regarding Wells

Fargo's damages.[8]  Appellants contend that because Wells Fargo presented no evidence that it properly mitigated its damages through a reasonable disposition of the equipment based on its fair market value, the summary judgment was in error.[9]

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).  If the plaintiff does so, the burden then shifts to the defendant as the nonmovant to raise a genuine issue of material fact

---

[8]Appellants attack no other element of Wells Fargo's breach-of-contract claim.  Therefore, we will not address the propriety of the summary judgment as to liability.  *See generally* Tex. R. Civ. P. 166a(a) (recognizing interlocutory summary judgment may be granted as to liability alone).

[9]Appellants similarly argued in their motion for new trial that Wells Fargo "provided no evidence or testimony in its [traditional motion for summary judgment] that [Wells Fargo] has taken any steps to mitigate its damages with respect to the equipment."

12

precluding summary judgment. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 517 (Tex. 2014). Where the nonmovant relies on an affirmative defense such as mitigation to defeat summary judgment, the nonmovant has the burden in its summary-judgment response to present evidence sufficient to raise a fact issue on each element of the affirmative defense. *See Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994); *Levitin v. Michael Group, L.L.C.*, 277 S.W.3d 121, 124 (Tex. App.—Dallas 2009, no pet.); *Fid. & Deposit Co. of Md. v. Stool*, 607 S.W.2d 17, 25 (Tex. Civ. App.—Tyler 1980, no writ). Merely pleading an affirmative defense will not, without more, defeat a motion for summary judgment. *See Am. Petrofina*, 887 S.W.2d at 830.

To establish its right to damages based on the breach of the terms of the note, Wells Fargo had to show through competent summary-judgment evidence that a balance on the note was due and owing. *See Comm'l Serv. of Perry Inc. v. Wooldridge*, 968 S.W.2d 560, 564 (Tex. App.—Fort Worth 1998, no pet.). Dreyling's affidavit established this balance, and Appellants offered no controverting evidence. *See Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 705–06 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (op. on reh'g). In an attempt to raise a genuine issue of material fact regarding the owed balance, Appellants asserted that Wells Fargo failed to appropriately mitigate its damages. Appellants recognized this was an affirmative defense and specifically pleaded the defense in their answer. But Appellants failed to recognize in their motion for

13

new trial or on appeal that they bore the burden to establish this defense in an attempt to avoid summary judgment. *See Lunsford Consulting Grp., Inc. v. Crescent Real Estate Funding VIII, L.P.*, 77 S.W.3d 473, 476–77 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellants did not meet this burden. *See id.*; *Stucki*, 963 S.W.2d at 781. They offered no evidence raising a fact issue on any element of their affirmative defense and improperly placed the burden to produce such evidence on Wells Fargo. Because Appellants failed to raise a genuine issue of material fact on any element of Wells Fargo's claim, which Wells Fargo conclusively established through competent summary-judgment evidence, or on its affirmative defense of mitigation, the trial court did not err by granting Wells Fargo summary judgment on its claim for breach of contract. *See Levertov v. Hold Props., Ltd.*, No. 11-11-00284-CV, 2014 WL 887225, at *7 (Tex. App.—Eastland Feb. 27, 2014, no pet.) (mem. op.); *Lunsford*, 77 S.W.3d at 476–77. We overrule issue one.

## IV. CONCLUSION

We conclude that the trial court did not err or abuse its discretion in granting Wells Fargo judgment as a matter of law on its breach-of-contract claim against Appellants. We affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

14

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE


PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  October 27, 2016