George DUCHENE, Appellant,

v.

Donald R. HERNANDEZ, Appellee.

No. 08-15-00087-CV

Court of Appeals of Texas,
El Paso.

December 6, 2017

Hon. Patrick A. Lara, for Appellant.

Hon. Stuart R. Schwartz, El Paso, for Appellee.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

This is an appeal from an order granting summary judgment in favor of Appellee Donald Hernandez on his claim that Appellant George Duchene breached the terms of a promissory note. Duchene alleges that the trial court erred by refusing to grant his motion to file a late response to Hernandez's summary judgment motion, and by granting summary judgment in Hernandez's favor. We affirm.

## FACTUAL BACKGROUND

On December 12, 2013, Duchene and Mohammed Ali Amini-Ghomi signed a promissory note agreeing to pay Hernandez $68,300.26, plus interest, in equal monthly installments of $2,500, beginning on January 1, 2014 until paid in full. The note reflected that it was secured by a security agreement previously signed by

Duchene and Amini-Ghomi.[1] The note expressly stated that "THIS NOTE AND RELATED LOAN DOCUMENTS REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES."

On February 18, 2014, Hernandez filed a lawsuit against Duchene and Amini-Ghomi, alleging that they were in breach of the note by failing to make the agreed-upon payments. Hernandez thereafter filed an affidavit in support of judgment, attaching a copy of the signed promissory note, and averring that Duchene and Amini-Ghomi had defaulted on the note by failing to make the monthly payments as they became due. Hernandez calculated that he was owed $69,613.97 on the note, and further averred that he had unsuccessfully made demands on Duchene and Amini-Ghomi to pay the balance owed on the note.

On February 28, 2014, Duchene's then-attorney, Robert Duran, filed a timely answer to the petition on Duchene's behalf, generally denying all of Hernandez's allegations. Amini-Ghomi, however, did not timely answer the petition, and the trial court subsequently entered a default judgment against him due to his failure to appear. In the judgment, the court noted that Hernandez's claim was a "liquidated claim based upon a promissory note[,]" and found that Duchene and Amini-Ghomi

were jointly and severally liable to Hernandez, and awarded him judgment in the amount of $54,287.30. On Hernandez's motion, the trial court thereafter severed and transferred Amini-Ghomi's case into a new cause number, leaving only Duchene as a defendant in the current lawsuit.

### Hernandez's Motion for Summary Judgment

On September 19, 2014, Hernandez filed a motion for summary judgment in his suit against Duchene, asserting that no genuine question of fact remained on his claim that Duchene had defaulted on the note, and that he was therefore entitled to judgment as a matter of law. Hernandez filed an affidavit in support of his summary judgment motion, averring that after Duchene defaulted on the note; he foreclosed on some of the collateral that had secured the note, which he sold for $20,984. After taking into account that he had incurred $2,000 in expenses in selling the collateral, Hernandez averred that he was owed $54,287.30 on the note at that time.

The trial court initially scheduled a summary judgment hearing for November 20, 2014, but on October 30, 2014, attorney Duran filed a motion to withdraw as Duchene's counsel based on a conflict of interest.[2] On November 17, 2014, Duran filed a motion for a continuance of the summary judgment hearing, and asked to continue the matter for at least 60 days in order to give Duchene time to retain new counsel. On November 20, 2014, the trial court

1. Hernandez did not include a copy of the security agreement with his pleadings. In his response to Hernandez's motion for summary judgment, Duchene did include a copy of the agreement, which indicated that the promissory note was secured by several vehicles that served as collateral for the note, together with the real property of the defendants. as part of a financing arrangement between the parties, all of whom appeared to be in the automotive resale business. However, as explained in

more detail below, the trial court struck Duchene's response, and the security agreement was therefore not considered by the trial court when it granted summary judgment in Hernandez's favor.

2. Duran claimed that a conflict existed because he had previously represented Amini-Ghomi in the lawsuit.

granted the motion, and re-scheduled the summary judgment hearing for January 22, 2015.

Duchene thereafter retained attorney, Patrick Lara, to represent him in the lawsuit, and on January 21, 2015, Lara filed a motion for a continuance of the scheduled January 22, 2015 summary judgment hearing, averring that he needed additional time to prepare for the hearing. On January 26, 2015, the trial court granted the motion, and reset the hearing for February 26, 2015, providing notice to both parties of the reset that same day.

### Duchene's Late Response

On February 25, 2015, one day before the scheduled hearing, Duchene filed a written response to Hernandez's motion for summary judgment. In the response, Duchene alleged that several fact questions remained, including the question of whether Hernandez had "caused difficulty in meeting the note requirements," whether the parties had reached an accord and satisfaction, whether Hernandez had failed to mitigate his damages, and the amount of damages, if any, Duchene owed to Hernandez. The response was supported by affidavits signed by both Duchene and Amini-Ghomi, in which they claimed, among other things, that Duchene had signed the promissory note as a favor to Amini-Ghomi with whom he had been in business, based on Amini-Ghomi's representation to Duchene that he would be solely responsible for making the payments on the note.

At noon on the day of the scheduled hearing, February 26, 2015, Hernandez filed a motion to strike Duchene's response, citing to Rule 166a of the Texas Rules of Civil Procedure, which provides that a response to a summary judgment

motion must be filed not later than seven days before a scheduled summary judgment hearing.[3] In addition, Hernandez argued that portions of both affidavits contained inadmissible hearsay.

Approximately one hour later, Duchene filed a motion for leave of court to file his late response to the motion for summary judgment. In his motion, Duchene asserted that his attorney had been waiting for Amini-Ghomi's affidavit before filing the response, and that he did not receive the affidavit until February 25, the same day that Amini-Ghomi signed it, and the same day that the response was filed. In addition, Duchene argued that his counsel had "mistakenly" calendared the deadline for filing the response for the wrong date, and that his counsel "mistakenly forgot" to file a motion for leave of court to file the late response at the time he filed Duchene's summary judgment response the day before. Duchene did not submit any affidavits or other evidence in support of the motion.

### The Trial Court's Hearing

On February 26, 2015, the trial court held a hearing on both parties' pending motions. At the hearing, attorney Lara admitted that he had missed the deadline for filing Duchene's response to Hernandez's summary judgment motion, explaining that he had been waiting for Amini-Ghomi's affidavit before filing the response. Lara further stated that he had mistakenly believed he had filed a motion for leave to file a late response when filed the late response itself on February 25, and did not realize his mistake until he received a copy of Hernandez's motion to strike the next day. Lara advised the court

---

**3.** Rule 166a(c) provides that, "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." TEX. R. CIV. P. 166a(c).

that his failure to comply with the filing deadlines was not "intentional."

The trial court, however, orally denied Duchene's motion to file the late response, and granted Hernandez's motion to strike the response. In addition, after hearing arguments from counsel, the trial court announced that it was granting Hernandez's motion for summary judgment. The trial court thereafter issued a written order granting Hernandez's motion to strike and entering summary judgment in Hernandez's favor. In its final judgment, the trial court awarded Hernandez $56,882.82 in damages, $4,000 in attorney's fees, together with interest and court costs. Duchene subsequently filed a motion for new trial, which the trial court denied. This appeal followed.

## DISCUSSION

Duchene raises two issues on appeal, which we take in reverse order. In the first issue that we consider, Duchene argues that the trial court erred by denying his motion for leave to file a late response to Hernandez's summary judgment motion, asserting that he established good cause for the delay in filing the response. In the second issue that we consider, Hernandez argues that the trial court erred by granting the motion for summary judgment, asserting that material questions of fact remained for trial. We disagree with both arguments.

## THE DENIAL OF DUCHENE'S MOTION FOR LEAVE TO FILE A LATE RESPONSE

### *Standard of Review and Applicable Law*

■ An appellate court reviews a trial court's ruling denying a motion to file a late response to a summary judgment motion for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686-87 (Tex. 2002); *see also State Office of Risk Management v. Alonso*, 290 S.W.3d 254, 256 (Tex. App.—El Paso 2009, no pet.). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles in rendering its judgment. *Carpenter*, 98 S.W.3d at 687 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *see also Singh v. Trinity Mktg. & Distrib. Co., Inc.*, 397 S.W.3d 257, 262 (Tex. App.—El Paso 2013, no pet.). We may not reverse the trial court's judgment simply because we disagree with its decision, and we must instead affirm the judgment if it can be sustained on any ground. *See Beeler v. Fuqua*, 351 S.W.3d 428, 432-33 (Tex. App.—El Paso 2011, pet. denied) (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

■ Rule 166a(c) of the Texas Rules of Civil Procedure provides that a party opposing a motion for summary judgment typically must file his response and supporting affidavits not later than seven days prior to the day of a scheduled summary judgment hearing, but may seek "leave of court" to file a late response. *See* Tex. R. Civ. P. 166a(c); *see also Grant v. Espiritu*, 470 S.W.3d 198, 203 (Tex. App.—El Paso 2015, no pet.) (although the Rules of Civil Procedure provide for strict deadlines for filing responses and supporting evidence, Rule 166a(c) allows a trial judge to admit late-filed evidence upon "leave of court"). In determining whether to grant a motion to file a late response to a summary judgment motion, a court should apply the requirements set forth in Rule 5 of the Rules of Civil Procedure, which provides that a "court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the

expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act." *Alonso*, 290 S.W.3d at 256-57 (citing *Carpenter*, 98 S.W.3d at 688). Thus, the Supreme Court has held that a trial court should grant a motion to file a late response to a summary judgment motion "when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *See Carpenter*, 98 S.W.3d at 688.

## Analysis

■ Duchene argues that he established "good cause" for failing to timely file his response to Hernandez's summary judgment motion, and that the trial court therefore abused its discretion in denying his request to file the response. However, in support of his argument Duchene does little more than quote the statements his attorney made at the summary judgment hearing, in which he advised the trial court that his failure to timely file the response was not intentional, that he had been waiting for Amini-Ghomi's affidavit before filing Duchene's response, and that he had mistakenly believed that he had already filed a motion for leave to file a late response prior to that time. Although his argument is not entirely clear, Duchene appears to believe that his attorney's statements at the hearing were sufficient to establish good cause for his failure to timely respond to the motion for summary judgment, and that the trial court therefore abused its discretion in denying his motion for leave to file his late response.

The Supreme Court rejected a strikingly similar argument in *Carpenter*. In *Carpenter*, the plaintiff filed a motion for leave to file a late response to the defendants' summary judgment motion two days before a scheduled summary judgment hearing. *Carpenter*, 98 S.W.3d at 684. At the hearing on the motion, the plaintiff's attorney tried to establish good cause for the late filing by advising the trial court that he had mistakenly calendared the due date for the response on the wrong date. *Id.* at 688. In upholding the trial court's decision to deny the motion, the Supreme Court found it significant that the plaintiff's attorney had failed to provide any supporting affidavits or other evidence in support of the motion to file a late response, and had instead only presented "unsworn argument" to the court. *Id.*

Moreover, the Court noted that plaintiff's counsel had failed to provide any "explanation of the [calendaring] error from which the trial court might determine that an accident or mistake had occurred." *Id.* at 688. The Court therefore concluded that even if the trial court could have considered counsel's "unsworn argument" in deciding whether the plaintiff had established good cause for allowing a late response, it would not have found that the trial court abused its discretion in denying leave, based upon counsel's "bare assertion" that he had " 'miscalendared' the summary-judgment hearing." *Id.* at 688.

Similarly, in the present case, Duchene argues that he established good cause for granting leave to file his late response based primarily on the unsworn statements his counsel made at the summary judgment hearing regarding his alleged "mistakes," yet, as in *Carpenter*, Duchene provided no affidavits or other evidence to support his counsel's statements that any such mistakes occurred. Therefore, the trial court was entitled to overlook these

unsworn statements in determining whether to grant or deny leave. *Id.*; *see also Marquez v. Providence Mem'l Hosp.*, 57 S.W.3d 585, 593 (Tex. App.—El Paso 2001, pet. denied) (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (an attorney's statements must be under oath to be considered evidence)). Further, as was also the case in *Carpenter*, Duchene's attorney failed to specifically explain how his alleged mistakes occurred, leaving the trial court without any means of determining whether an excusable accident or mistake had in fact occurred. *Carpenter*, 98 S.W.3d at 688. Accordingly, even if the trial court could have considered counsel's unsworn statements in making its determination, we would not conclude that the trial court abused its discretion in refusing to find that counsel's bare assertions of his calendaring errors and other "mistakes" were sufficient to establish good cause for granting leave of court to file a late response.

Moreover, Duchene's argument that his attorney found it necessary to wait until he receives Amini-Ghomi's affidavit before filing the summary judgment response does not serve to alter our conclusion. In particular, we find it significant that Duchene provided no explanation, either in his motion or at the summary judgment hearing, for why he could not have obtained Amini-Ghomi's affidavit until a day before the final summary judgment hearing was held, despite the fact that Hernandez's lawsuit had been on file for over a year before the affidavit was obtained, and Hernandez's motion for summary judgment had been

on file for five months prior to that time. Further, as set forth above, we note that Duchene received two continuances of the summary judgment hearing before the final hearing was held, and Duchene does not dispute that he and his attorney received timely notice of the final hearing at least one month before the hearing was held.[4] As no explanation was given for why Duchene could not have obtained the affidavit in a timely manner, we conclude that the trial court did not abuse its discretion in refusing to find that Duchene had established good cause to justify granting leave of court to file a late response on this basis.[5] *See Alonso*, 290 S.W.3d at 258 (trial court did not abuse its discretion by denying plaintiff's motion for leave to file a late summary judgment response, where the plaintiff's lawsuit had been on file for 14 months beforehand, and the defendant's motion for summary judgment had been pending for over a month when the response was filed).

Accordingly, we conclude that the trial court did not abuse its discretion in denying Duchene's motion to file a late response to Hernandez's summary judgment motion. Duchene's Issue Two is overruled.

## THE ORDER GRANTING SUMMARY JUDGMENT

### *Standard of Review*

A plaintiff filing a motion for traditional summary judgment bears the burden of submitting sufficient evidence establishing

---

4. Moreover, we note that Duchene does not explain why his attorney did not consider filing the response with only Duchene's affidavit, which was signed on February 12, 2015, well in advance of the deadline for filing the summary judgment response.

5. We note that in both the trial court and on appeal, Duchene only addressed the first prong of the *Carpenter* test, i.e., whether he

established "good cause" for filing his late response, and failed to address the second prong of the test, i.e., whether allowing the late response would not have caused undue delay or otherwise injured Hernandez. *Carpenter*, 98 S.W.3d at 688. In light of our finding that Duchene did not meet the first prong of the *Carpenter* test, we need not address the second prong.

on its face that no genuine issue exists as to any material fact and that he is therefore entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC,* 437 S.W.3d 507, 511 (Tex. 2014) (citations omitted). When a plaintiff moving for summary judgment meets his burden of establishing each element of his claim on which he seeks summary judgment, the burden then shifts to the defendant to disprove or raise an issue of fact as to at least one of those elements. *Amedisys, Inc.,* 437 S.W.3d at 511; *see also Chance v. Elliot & Lillian, LLC,* 462 S.W.3d 276, 283 (Tex. App.—El Paso 2015, no pet.). Although the defendant, as the nonmoving party, is not required to marshal all of its proof, he must present countervailing evidence that raises a genuine fact issue on the challenged elements. *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002) (citing TEX. R. CIV. P. 166a).

An appellate court reviews a trial court's order granting summary judgment de novo to determine whether the non-movant raised a fact issue that precluded summary judgment. *KCM Fin. LLC v. Bradshaw,* 457 S.W.3d 70, 79 (Tex. 2015) (citing *Nall v. Plunkett,* 404 S.W.3d 552, 555 (Tex. 2013)); *see also Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010). In conducting this review, we view all evidence presented in the motion and the response in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005)); *20801, Inc. v. Parker,* 249 S.W.3d 392, 399 (Tex. 2008) (reviewing court takes as true all evidence favorable to non-movant, and indulges every reasonable inference and re-

solves any doubts in non-movant's favor); *see also Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex. 2009).

## Analysis

 Hernandez's lawsuit was brought solely as a suit for nonpayment of the promissory note that Duchene signed, and sought recovery on the note. When a plaintiff sues for recovery on a promissory note, he "does not have to prove all essential elements for a breach of contract but rather need only establish the note in question, that the defendant signed it, that the plaintiff was the legal owner and holder thereof, and that a certain balance is due and owing on the note." *See Roth v. JPMorgan Chase Bank, N.A.,* 439 S.W.3d 508, 512 (Tex. App.—El Paso 2014, no pet.) (citing *Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Trust I,* 331 S.W.3d 500, 505 (Tex. App.—El Paso 2010, no pet.)). The Texas Rules of Civil Procedure provide that if a defendant wishes to contest the validity of a note upon which the plaintiff's claim is founded, he must file a verified pleading denying that he executed an instrument in writing, and in the absence of such a verified denial, the "instrument shall be received in evidence as fully proved." TEX. R. CIV. P. 93(7), (8). In effect, when a defendant fails to file a sworn pleading of that nature, he has "conclusively admitted the validity of the notes and that he signed the agreements, and has waived any evidentiary objections thereto." *See Roth,* 439 S.W.3d at 512-13 (citing *Bluebonnet Financial Assets v. Miller,* 324 S.W.3d 603, 609 (Tex. App.—El Paso 2010, no pet.)) (debtor who failed to file verified denials as required by the Rules of Civil Procedure conclusively admitted validity of the credit card agreement which was the foundation of suit, and that he had signed agreement, and therefore waived evidentiary objections to the documents).

■ In support of his claim, Hernandez presented a copy of the promissory note signed by Duchene, in which Duchene agreed to pay Hernandez, as the owner of the note, a total amount of $68,300.26, plus interest, by making monthly installments, beginning on January 1, 2014, until the note was paid in full. Hernandez further filed an affidavit in support of judgment, averring that Duchene had defaulted on the note and that, after taking into consideration the sale of certain collateral, Duchene owed him a balance of $54,287.30. Although Duchene filed an answer to Hernandez's petition in which he generally denied all of Hernandez's allegations, he did not file a verified denial that he executed the promissory note, that his signature on the note was not genuine, or that Hernandez was the holder of the note. Moreover, on appeal, Duchene appears to concede the validity of the note, and does not dispute that he signed the note. Accordingly, we conclude that the validity of the promissory note was established as a matter of law due to the lack of a verified denial.

Despite acknowledging the validity of the note, Duchene nevertheless contends that several questions of fact remain with regard to Hernandez's lawsuit that prevented the trial court from entering a summary judgment in Hernandez's favor. In particular, Duchene contends that fact questions remain on the issues of whether Hernandez failed to "mitigate" his damages, whether the parties reached an "accord and satisfaction," and whether Hernandez may have already received payment for some of the collateral listed in the parties' security agreement. There are at least two fatal flaws to Duchene's argument.

■ First, Duchene attempts to raise factual questions by pointing to the affidavits and other evidence contained in the late response he attempted to file with the trial court. Although his argument is not entirely clear, Duchene appears to be contending that the trial court did not clearly state whether it intended to consider his late response in determining whether to grant Hernandez's summary judgment motion, and that we should therefore assume that the trial court did in fact consider his response in making its determination. We disagree. As set forth above, the trial court clearly stated on the record at the hearing that it was denying Duchene's motion for leave to file a late response, and that it would not consider the late response; further, the trial court thereafter commemorated its ruling striking the response in a written order. Therefore, we are confident that the trial court did not consider Duchene's stricken response, and its attached exhibits, in its decision-making process. *See generally Alonso*, 290 S.W.3d at 259 (where the trial court denied a litigant's motion for leave to file a late response, it was presumed that the trial court did not consider the late-filed response in rendering summary judgment) (citing *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988)). Further, as we have already determined that the trial court properly struck Duchene's late-filed response, Duchene cannot rely on that evidence in his attempt to create a question of fact at this time.

■ Second, we note that all three of Duchene's arguments, i.e., that Hernandez failed to mitigate his damages, that Duchene made payment to Hernandez, and that there was a possible accord and satisfaction, center on affirmative defenses that must be affirmatively pled by a defendant. *See* TEX. R. CIV. P. 94 (listing "accord and satisfaction" and "payment" as affirmative defenses that must be pled by a defendant); *see also In Matter of Estate of Downing*, 461 S.W.3d 231, 242 n.5 (Tex.

App.—El Paso 2015, no pet.) (recognizing that mitigation of damages is an affirmative defense a party must plead and prove). A defendant must expressly raise affirmative defenses of this nature in his responsive pleadings, or else he waives the right to raise them at a later time, including in a response to a motion for summary judgment. *See Roth*, 439 S.W.3d at 513 (defendant waived his right to raise affirmative defense of "payment" and other "offset defenses" by failing to plead them in his responsive pleadings, and therefore could not use those defenses in order to raise an issue of fact in response to the plaintiff's motion for summary judgment); *see also Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 300 (Tex. 1997) (evidence of failure to mitigate is admissible only if the defendant pleads failure to mitigate as an affirmative defense); Tex. R. Civ. P. 95 ("When a defendant shall desire to prove payment, he shall file with his plea an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof.").

In the present case, Duchene failed to raise any of these affirmative defenses in his response to Hernandez's pleadings. We therefore conclude that Duchene waived his right to raise any of those defenses in response to Hernandez's motion for summary judgment.

Having found that the validity of the promissory note signed by Duchene was established as a matter of law, and that Duchene did not timely raise any affirmative defenses to Hernandez's claims or present any evidence to raise a question of fact regarding whether he defaulted on the note and/or the amount he owed to Hernandez under the terms of the note, we conclude that the trial court did not abuse its discretion when it entered summary judgment in Hernandez's favor.

Duchene's Issue One is overruled.

## CONCLUSION

We affirm.

Hughes, J., not participating