

# NUMBER 13-23-00537-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE MARIE LONGORIA BARRERA,                                    Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CHALET SERIES IV TRUST,                    Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 9
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

Appellant Jose Marie Longoria Barrera appeals a summary judgment rendered in

an eviction suit in favor of appellee U.S. Bank National Association, as Trustee for Chalet

Series IV Trust (U.S. Bank). Barrera argues that the trial court abused its discretion when

it denied his motion for leave to file a late response to U.S. Bank's motion for summary judgment. We affirm.

## I. BACKGROUND

U.S. Bank purchased the property at issue in a foreclosure sale on March 3, 2023. A substitute trustee's deed transferring title to U.S. Bank was later executed. U.S. Bank sent Barrera a notice to vacate, and when he did not timely vacate the property, U.S. Bank filed a forcible detainer action in the local justice court. Barrera did not file an answer. The parties appeared for a bench trial, and the court rendered judgment of possession in favor of U.S. Bank. Barrera appealed to the county court for a trial de novo.

On August 22, 2023, U.S. Bank filed a traditional motion for summary judgment. The county court noticed a hearing on the motion for November 29, 2023. Barrera submitted his response and an unsworn motion for leave for late filing on November 29, 2023, at 1:01 a.m. Barrera's motion stated that the reason for the delay that "[his] attorney was out of the country in Spain," and he asserted: "Plaintiff will not suffer any injury by some extra delay. The late response will not unduly delay or otherwise injure the [p]laintiff." At the hearing, the trial court stated: "[Y]ou filed a motion for leave last night, and then you filed a summary judgment [response]. Neither was timely. You had plenty of time to have filed your response." The county court denied Barrera's motion for leave and granted U.S. Bank's motion for summary judgment. This appeal followed.

## II. DISCUSSION

By his sole issue, Barrera argues that the trial court abused its discretion when it denied his motion for leave for late filing.

2

## A.      Applicable Law & Standard of Review

In a summary judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the scheduled date of the hearing. TEX. R. CIV. P. 166a(c). The nonmoving party must obtain leave to file evidence after the deadline. *Id.* A motion for leave to file a late summary judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002); *see also Luna v. Luna*, No. 13-10-00455-CV, 2011 WL 3667465, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2011, no pet.) (mem. op.).

We review a trial court's ruling denying a motion to file a late response to a summary judgment motion for an abuse of discretion. *Carpenter*, 98 S.W.3d at 686–87. A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles in rendering its judgment. *Id.* at 687 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

## B.      Analysis

Barrera argues that the trial court abused its discretion when it denied his motion for leave because none of "the grounds that could justify a denial of leave [including] undue delay, bad faith, dilatory motive, prejudice, and futility," apply to this case. He contends that "appellee was aware of [his] position" and would not suffer prejudice from

3

his late-filed response. Barrera provides no authorities for these arguments.[1] *See* TEX. R. APP. P. 38.1(i).

Nevertheless, we look to the record to determine whether the trial court abused its discretion. The record reflects that U.S. Bank filed its motion for summary judgment on August 22, 2023, and the motion was set for hearing on October 18, 2023. On October 18, 2023, Barrera filed a motion to continue the summary judgment hearing "for at least 30 days" because the parties were in settlement negotiations. The motion for continuance was granted and the hearing was reset for November 29, 2023. Thus, Barrera's motion for leave was due on November 22, 2023. *See* TEX. R. CIV. P. 166a(c). Barrera's counsel waited until November 29, 2023, to file his response and motion for leave. The motion for leave asserts that Barrera's response was filed late because his counsel "was out of the country in Spain." This motion was unsworn, unaccompanied by any evidence, and failed to provide any context for counsel's trip to Spain. At the summary judgment hearing, Barrera's counsel also explained that he thought the response had already been filed. In rejecting the motion for leave, the trial court noted that it had already granted Barrera's previous request for a continuance.

Barrera failed to establish his failure to timely respond was "not intentional or the result of conscious indifference, but the result of accident or mistake." *See Carpenter*, 98 S.W.3d at 688; *Duchene v. Hernandez*, 535 S.W.3d 251, 257 (Tex. App.—El Paso 2017, no pet.). In *Duchene*, the El Paso court found no good cause existed for permitting a late-

---

[1] Barrera cites *Brown v. Herman*, 852 S.W.2d 91, 93 (Tex. App.—Austin 1993, no writ) (orig. proceeding) (per curiam) in his appellate brief. However, this case does not involve whether a trial court abused its discretion in denying a motion for leave for late filing. *See id.* at 92 (denying relator's motion for leave to file a writ of mandamus because relators had an adequate remedy at law).

filed response to a motion for summary judgment. *Duchene*, 535 S.W.3d at 257. Duchene argued that he established good cause because his attorney explained to the trial court that "his failure to timely file the response was not intentional, that he had been waiting for [an] affidavit [from opposing counsel] before filing Duchene's response, and that he had mistakenly believed that he had already filed a motion for leave to file a late response prior to that time." *Id.* at 256. The court found it pertinent that "Duchene provided no affidavits or other evidence to support his counsel's statements that any such mistakes occurred" and that "Duchene's attorney failed to specifically explain how his alleged mistakes occurred, leaving the trial court without any means of determining whether an excusable accident or mistake had in fact occurred." *Id.* at 256–57 (comparing the facts of the case to *Carpenter*, 98 S.W.3d at 684, 688).

Here, having already received one continuance on other grounds, Barrera failed to provide any explanation for why his attorney's subsequent visit to Spain caused him to wait until the day of the reset hearing to file a response to the summary judgment motion. *See id.* Barrera provides a meager explanation for filing his response late, and "[w]hile other jurists might have found good cause to exist, we are hard pressed to conclude that the court below abused its discretion." *See State Off. of Risk Mgmt. v. Alonso*, 290 S.W.3d 254, 258 (Tex. App.—El Paso 2009, no pet.). We conclude that the trial court did not abuse its discretion when it denied Barrera's motion for leave to file a late response to U.S. Bank's summary judgment motion. *See Carpenter*, 98 S.W.3d at 688; *Duchene*, 535 S.W.3d at 257; *Alonso*, 290 S.W.3d at 258 (concluding that appellant failed to show good

5

cause for filing a late response to appellee's motion for summary judgment); *see also*

*Luna*, 2011 WL 3667465, at *3–4 (same). We overrule Barrera's sole issue.[2]

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
10th day of October, 2024.

---

[2] In the issues presented section of his appellate brief, Barrera contends that the trial court erred when it did not enforce a temporary restraining order (TRO) issued in a separate lawsuit, which allegedly prevented U.S. Bank from evicting him. Barrera does not provide any argument in support of this complaint. *See* TEX. R. APP. P. 38.1(i). Accordingly, we do not address it. We note, however, that claims or issues with the foreclosure process are not appropriate in a forcible detainer action. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017) ("The sole focus of a forcible-detainer action is the right to immediate possession of real property."); *Lua v. Cap. Plus Fin., LLC*, 646 S.W.3d 622, 629–30 (Tex. App.— Dallas 2022, pet. denied) ("Any defects in the foreclosure process or with the title to the property may not be considered in a forcible-detainer action."); *see also Steed v. HB1 Alt. Holdings, LLC*, No. 13-22-00595- CV, 2024 WL 194212, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 18, 2024, no pet.) (mem. op.) ("Generally, any defects in the foreclosure process may not be considered in a forcible-detainer action." (citing *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd))).